**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4301**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ROCKY ZIHNDULA KAVUNGIRWA,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, Senior District Judge.  (3:22-cr-00107-HEH-1)

_____

Submitted:  June 27, 2024                                         Decided:  August 20, 2024

_____

Before WYNN and HEYTENS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

**ON BRIEF:**  Paul Beers, GLENN, FELDMAN, DARBY & GOODLATTE, Roanoke, Virginia, for Appellant.  Jacqueline Romy Bechara, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia; Brian R. Hood, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rocky Zihndula Kavungirwa pled guilty, pursuant to a plea agreement, to conspiracy to commit bank and wire fraud, in violation of 18 U.S.C. § 1349. The district court sentenced Kavungirwa to 36 months' imprisonment and imposed a three-year term of supervised release. On appeal, Kavungirwa's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning: (1) whether the district court plainly erred when it did not advise Kavungirwa that he had no right to withdraw his plea if the court did not accept the Sentencing Guidelines recommendations in the plea agreement, as it was required to do under Fed. R. Crim. P. 11(c)(3)(B); and (2) whether Kavungirwa's sentence is reasonable. Kavungirwa filed a pro se supplemental brief arguing that his plea was not valid because the court failed to comply with Rule 11(c)(3)(B), there was no factual basis for the plea, and counsel rendered ineffective assistance by advising him to plead guilty. He also challenges the reasonableness of his sentence. The Government has moved to dismiss the appeal based on the appellate waiver in Kavungirwa's plea agreement. We deny the Government's motion to dismiss, affirm Kavungirwa's conviction, vacate his sentence, and remand for resentencing.

"We review an appellate waiver de novo to determine its enforceability" and "will enforce the waiver if it is valid and if the issue being appealed falls within its scope." *United States v. Carter*, 87 F.4th 217, 223-24 (4th Cir. 2023) (internal quotation marks omitted). "[A]n appellate waiver is valid if the defendant knowingly and voluntarily agreed to it." *Id.* at 224. To determine whether a waiver is knowing and voluntary, "we look to

the totality of the circumstances, including the defendant's experience, conduct, educational background and knowledge of his plea agreement and its terms." *Id.* "When a district court questions a defendant during a Rule 11 hearing regarding an appeal waiver and the record shows that the defendant understood the import of his concessions, we generally will hold that the waiver is valid." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021). After reviewing the record, we conclude that Kavungirwa knowingly and voluntarily waived his right to appeal.

Kavungirwa's appellate waiver, however, does not bar our consideration of the validity of his guilty plea, *United States v. Taylor-Sanders*, 88 F.4th 516, 522 (4th Cir. 2023), including whether the plea is supported by a sufficient factual basis, *United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). Because Kavungirwa did not attempt to withdraw his guilty plea, we review any challenge to the validity of the plea for plain error. *United States v. Kemp*, 88 F.4th 539, 545 (4th Cir. 2023). To demonstrate plain error, Kavungirwa "must show (1) that the court erred, (2) that the error is clear and obvious, and (3) that the error affected his substantial rights." *United States v. McCabe*, 103 F.4th 259, 279 (4th Cir. 2024) (internal quotation marks omitted). In the guilty plea context, a defendant can establish the third factor by showing "a reasonable probability that, but for the error, he would not have entered the plea." *Kemp*, 88 F.4th at 545 (internal quotation marks omitted). But "even when those plain error requirements have been satisfied, we will not correct the error unless it seriously affects the fairness, integrity or public reputation of judicial proceedings." *McCabe*, 103 F.4th at 279 (internal quotation marks omitted).

3

We find no merit to the challenges to the validity of Kavungirwa's guilty plea. While the district court did not provide the specific advice under Rule 11(c)(3)(B), it told Kavungirwa that he could not withdraw his plea if counsel's estimate of the Guidelines range was incorrect and that, once the court accepted the plea, the plea is final. Thus, Kavungirwa was well-aware that he could not withdraw his plea, which is evidenced by the fact that he did not attempt to do so. As for the remaining challenges, we conclude that the factual basis to which Kavungirwa agreed supported his plea and that his claim that counsel rendered ineffective assistance by advising him to plead guilty is belied by the current record. *See Taylor-Sanders*, 88 F.4th at 522 ("In the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established." (cleaned up)); *Kemp*, 88 F.4th at 546 ("An ineffective assistance claim will be addressed on direct appeal only when an attorney's ineffectiveness conclusively appears on the face of the record." (internal quotation marks omitted)). Accordingly, we affirm Kavungirwa's conviction.

As for Kavungirwa's sentence, our review pursuant to *Anders* revealed a meritorious issue that falls outside the scope of Kavungirwa's appellate waiver: the district court improperly included discretionary conditions of supervised release in the written judgment that it did not announce at sentencing.

A district court's inclusion of discretionary terms of supervised release in the written judgment that it did not announce at sentencing is reversible error under de novo review. *United States v. Rogers*, 961 F.3d 291, 295-301 (4th Cir. 2020). And a defendant's appellate waiver does not bar our review of such a claim. *United States v. Singletary*,

4

984 F.3d 341, 344-45 (4th Cir. 2021). This is because the waiver "applies only to challenges to a sentence actually imposed on a defendant," and the challenged discretionary conditions were not actually imposed on the defendant because they were not announced at sentencing. *Id.* at 344.

"[A] district court may satisfy its obligation to orally pronounce discretionary conditions through incorporation—by incorporating, for instance, all Guidelines 'standard' conditions when it pronounces a supervised-release sentence, and then detailing those conditions in the written judgment." *Rogers*, 961 F.3d at 299. Put differently, "so long as the defendant is informed orally that a certain set of conditions will be imposed on his supervised release, . . . a later-issued written judgment that details those conditions may be construed fairly as a clarification of an otherwise vague oral pronouncement." *Id.* (internal quotation marks omitted). But "[d]iscretionary conditions that appear for the first time in a subsequent written judgment . . . are nullities; the defendant has not been sentenced to those conditions." *Singletary*, 984 F.3d at 344.

Here, the district court asked counsel if she had reviewed the standard conditions of supervised release with Kavungirwa, but after she confirmed that she had, the court did not impose Standard Conditions 2 through 13 at the sentencing hearing. Nevertheless, those standard conditions were included in the written judgment. Notably, this is not a case where the court incorporated standard conditions; instead, the court failed to impose the standard conditions after confirming that counsel had reviewed them with Kavungirwa.

As for Standard Condition 1, the district court stated at sentencing that, "[s]hould [Kavungirwa] be released from custody in the United States, within 72 hours of [his]

5

release [he] will be required to report in person to the U.S. Probation Office *in the district in which [he is] released*." (J.A. 91 (emphasis added)).[*] But Standard Condition 1 in the written judgment stated, "[Kavungirwa] must report to the probation officer *in the federal judicial district where [he is] authorized to reside* within 72 hours of [his] release from imprisonment, *unless the probation officer instructs [him] to report to a different probation office or within a different time frame*." (J.A. 99 (emphases added)).

To be sure, we have concluded that there is no *Rogers* error where the court orally orders the defendant to report in the district in which he is released *and* orally orders the defendant to abide by the standard conditions of supervised release, including the one requiring him to report in the district in which he is authorized to reside. In that circumstance, the written judgment dispels the ambiguity in the oral pronouncement, making it clear that the defendant should report in the district in which he is authorized to reside. Here, however, the court did not orally order Kavungirwa to abide by the standard conditions of supervised release. Thus, the written judgment did not dispel ambiguity in the oral pronouncement but created an inconsistency with the oral pronouncement, as prohibited under *Rogers*.

The final *Rogers* error occurred in the district court's imposition of the special condition of supervised release related to immigration. During sentencing, the court ordered Kavungirwa to report to the United States Department of Immigration and Customs Enforcement ("ICE") within 72 hours of his release in the event that ICE does not

---

[*] J.A. refers to the Joint Appendix prepared by the parties.

place a detainer on him.  But in the written judgment, the court did not include anything about Kavungirwa reporting to ICE within 72 hours or otherwise.  Instead, the court ordered Kavungirwa "to be surrendered" to ICE.  (J.A. 100).  Moreover, it added, "[a]s a further condition of supervised release," that Kavungirwa "shall remain outside the United States" if he is "ordered deported."  (J.A. 100).  The failure to pronounce that last condition is particularly problematic because it means that Kavungirwa might have learned for the first time from his written judgment that, in addition to other consequences, he could receive a revocation sentence based on a subsequent illegal reentry.  This is the type of error *Rogers* sought to avoid.  *See Rogers*, 961 F.3d at 298 (explaining that "foregoing oral pronouncement of discretionary conditions will leave defendants without their best chance to oppose supervised-release conditions that may cause them unique harms and thus directly implicate their right to be present at sentencing").

The usual remedy for a *Rogers* error is to vacate the entire sentence and remand for a full resentencing.  *Singletary*, 984 F.3d at 346 & n.4; *see United States v. Mathis*, 103 F.4th 193, 198 (4th Cir. 2024) (confirming that "[o]ur precedent leaves no choice" but to "vacate the entire sentence and remand for the district court to resentence the defendant" when the district court commits a *Rogers* error (internal quotation marks omitted)).  This is "because custodial and supervised release terms are components of one unified sentence." *Kemp*, 88 F.4th at 546 (cleaned up).

Accordingly, we vacate Kavungirwa's sentence and remand for resentencing.  And because we vacate Kavungirwa's sentence, we have no occasion to consider any additional challenges to his sentence, including the ones raised in counsel's *Anders* brief and

7

Kavungirwa's pro se supplemental brief, or whether such challenges are barred by his appellate waiver.

In accordance with *Anders*, we have reviewed the entire record and have found no other meritorious grounds for appeal. Accordingly, we deny the Government's motion to dismiss, affirm Kavungirwa's conviction, vacate his sentence, and remand for resentencing. This court requires that counsel inform Kavungirwa, in writing, of the right to petition the Supreme Court of the United States for further review. If Kavungirwa requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Kavungirwa.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*

8