**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4062

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MEDARD ULYSSE, a/k/a Jay,

Defendant - Appellant.

No. 23-4071

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MEDARD ULYSSE,

Defendant - Appellant.

Appeals from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, Senior District Judge.  (1:21-cr-00054-RDB-1; 1:22-cr-00335-RDB-1)

Submitted:  July 18, 2024                          Decided:  August 20, 2024

Before RICHARDSON and RUSHING, Circuit Judges, and MOTZ, Senior Circuit Judge.

———————————

Dismissed in part, affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

———————————

**ON BRIEF:**  Richard B. Bardos, SCHULMAN, HERSHFIELD & GILDEN, P. A., Baltimore, Maryland, for Appellant.  Sean Richard Delaney, Assistant United States Attorney, Christine Oi Jyn Goo, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Medard Ulysse pled guilty, pursuant to a written plea agreement, to conspiracy to commit mail fraud, in violation of 18 U.S.C. §§ 1341, 1349, and wire fraud, in violation of 18 U.S.C. § 1343. The district court sentenced Ulysse to a total of 108 months' imprisonment, followed by three years' supervised release. Ulysse's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court was biased by anger because Ulysse, who has been represented by appointed counsel throughout the proceedings, attempted to retain counsel approximately five weeks before his scheduled trial. Although he was advised of his right to do so, Ulysse has not filed a supplemental pro se brief. The Government moves to dismiss the appeals as barred by the appeal waiver included in Ulysse's plea agreement.[1]

Where, as here, the Government seeks to enforce an appeal waiver and the defendant has not alleged a breach of the plea agreement, we will enforce the waiver if it is valid and

---

[1] The Government states in its motion that it "moves to dismiss this appeal as untimely and because . . . Ulysse waived the right to appeal his conviction and sentence in his plea agreement," but it fails to develop any argument related to the timeliness of the appeals. Although we generally "must dismiss" "[w]hen the Government promptly invokes" the untimeliness of a criminal appeal, *United States v. Oliver*, 878 F.3d 120, 123 (4th Cir. 2017), the Government's "passing shot" at the timeliness issue is insufficient to properly raise it, *Short v. Hartman*, 87 F.4th 593, 615 (4th Cir. 2023) ("A party waives an argument by failing to present it in its opening brief or by failing to develop its argument— even if its brief takes a passing shot at the issue." (internal quotation marks omitted)). Because the appeal period in a criminal case is a nonjurisdictional claims-processing rule that we decline to enforce sua sponte absent "extraordinary circumstances," *Oliver*, 878 F.3d at 122, we consider only the appeal waiver as a ground for dismissal.

3

the issue raised on appeal falls within its scope. *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021). Our review of the record leads us to conclude that the appeal waiver is valid and enforceable as to all issues within its scope. We therefore grant in part the Government's motion to dismiss.

We have identified a "narrow class of claims" that may be raised despite a valid general appeal waiver. *United States v. Lemaster*, 403 F.3d 216, 220 n.2 (4th Cir. 2005). To the extent Ulysse's allegation of judicial bias asserts that the court violated his right to due process at sentencing, "to prevail in a deprivation of due process claim, a defendant must show a level of bias that made fair judgment impossible." *Rowsey v. Lee*, 327 F.3d 335, 341 (4th Cir. 2003) (internal quotation marks omitted). "[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Thus, absent reliance on an impermissible factor such as race or national origin, *United States v. Bakker*, 925 F.2d 728, 740 (4th Cir. 1991), or some personal stake in the litigation, *see* 28 U.S.C. § 455(b)(2)-(5), negative opinions formed throughout criminal proceedings "do not constitute a basis for [a finding of] bias . . . unless they display a deep-seated . . . antagonism that would make fair judgment impossible," *Liteky*, 510 U.S. at 555. We discern no hostility, let alone "deep-seated . . . antagonism," *id.*, to support a claim of judicial bias.

Although not raised by counsel, our review of the record in accordance with *Anders* identified a meritorious issue that falls outside the waiver's scope. A district court is required to orally pronounce at sentencing all discretionary conditions of supervised

4

release. *United States v. Rogers*, 961 F.3d 291, 296-97 (4th Cir. 2020). This requirement "is a critical part of the defendant's right to be present at sentencing," *id.* at 300 (internal quotation marks omitted), and ensures the defendant an opportunity to challenge unwarranted conditions before they are imposed, *id.* at 298. Because "the heart of a *Rogers* claim is that discretionary conditions appearing for the first time in a written judgment in fact have *not* been imposed on the defendant," this issue falls outside the scope of the appeal waiver. *United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021) (internal quotation marks omitted).

We review de novo whether the sentence imposed in the written judgment is consistent with the district court's oral pronouncement of the sentence. *See United States v. Cisson*, 33 F.4th 185, 193 (4th Cir. 2022). "[T]he written judgment does not have to match perfectly with the oral pronouncement." *United States v. Mathis*, 103 F.4th 193, 197 (4th Cir. 2024); *see Rogers*, 961 F.3d at 299 (explaining that "so long as the defendant is informed orally that a certain set of conditions will be imposed on his supervised release, . . . then a later-issued written judgment that details those conditions may be construed fairly as a clarification of an otherwise vague oral pronouncement" (internal quotation marks omitted)). However, "a material discrepancy between a discretionary condition as pronounced and as detailed in a written judgment may constitute *Rogers* error." *Mathis*, 103 F.4th at 197 (internal quotation marks omitted).

Here, the written judgments contain several discretionary conditions of supervised release that are impermissibly inconsistent with the district court's oral pronouncement. *See Mathis*, 103 F.4th at 198 ("[U]nder our *Rogers-Singletary* jurisprudence, one rotten

5

apple spoils the whole barrel.").  For example, the court instructed Ulysse that he would be required to "abide by the probation officer's notification to abstain from . . . conduct" that posed a risk to another person; the written judgments add that if the probation officer were to "determine[ Ulysse posed] a risk to another person (including an organization), the probation officer may require [him] to notify the person about the risk and [Ulysse] must comply with that instruction.  The probation officer may contact the person and confirm that [Ulysse had] notified the person about the risk."  The court announced that Ulysse "must not possess or control any substances without a valid prescription"; the written judgments expand this condition by adding the requirement that if Ulysse were to have such a prescription, he "must disclose the prescription information to the probation officer and follow the instructions on the prescription."  And although the court orally pronounced that Ulysse "must make every effort to obtain full-time employment," the written judgments also include unannounced notification requirements if Ulysse were to change job positions or responsibilities.

The written judgments include a number of conditions of supervision that the district court did not completely announce at sentencing.[2]  Because some of the conditions included in the written judgments added additional obligations, rather than simply clarifying orally pronounced conditions, this constitutes reversible *Rogers* error.  *See*

---

[2] Although the discretionary conditions included in the criminal judgments replicated the Probation Office's recommended conditions of supervision, the district court did not expressly incorporate those recommended conditions at sentencing.  *See Rogers*, 961 F.3d at 300.

6

*Mathis*, 103 F.4th at 198.  In light of this error, "[o]ur precedent leaves no choice" but to follow the "clear rule" that "[w]hen a district court fails to orally pronounce discretionary conditions of supervised release[,] we vacate the entire sentence and remand for the district court to resentence the defendant."  *Id.* (internal quotation marks omitted).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no other meritorious grounds for appeal that would fall outside the waiver's scope. We thus affirm Ulysse's convictions and dismiss the appeals as to any issues falling within the scope of the appeal waiver, but we vacate his sentences and remand for resentencing.

This court requires that counsel inform Ulysse, in writing, of the right to petition the Supreme Court of the United States for further review.  If Ulysse requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Ulysse.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*

7