**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-4479**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHAUNCEY LAMONT MONTAGUE,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Danville.  Michael F. Urbanski, Senior District Judge.  (4:21-cr-00009-MFU-1)

Submitted:  September 17, 2024                      Decided:  October 30, 2024

Before NIEMEYER and HARRIS, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed in part, dismissed in part, vacated in part and remanded by unpublished per curiam opinion.

**ON BRIEF:**  Donna L. Biderman, LAW OFFICE OF DONNA L. BIDERMAN, PLLC, Fairfax, Virginia, for Appellant.  Christopher R. Kavanaugh, United States Attorney, Jonathan Jones, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chauncey Lamont Montague pled guilty pursuant to a plea agreement to distribution of a quantity of fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).  The district court sentenced Montague to 144 months' imprisonment, a $250 fine, and three years of supervised release.  Montague's counsel initially filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but raising as issues whether Montague's guilty plea is valid and whether the district court erred in denying his motion to suppress his statements to law enforcement.  Montague was notified of his right to file a pro se supplemental brief but did not do so.  The Government moved to dismiss Montague's appeal as barred by the appeal waiver contained in his plea agreement.

After conducting review pursuant to *Anders*, this court deferred action on the Government's motion to dismiss and ordered supplemental briefing to address the potentially meritorious issue of whether reversible error is present under *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), and *United States v. Singletary*, 984 F.3d 341 (4th Cir. 2021).  In his supplemental brief, Montague argues that reversible error is present under *Rogers* and *Singletary* because the district court did not announce at the sentencing hearing five discretionary conditions of his supervised release term that appear in the criminal judgment.  In its supplemental response brief, the Government maintains that the district court orally announced at sentencing most of the discretionary supervision conditions to which Montague objects.  The Government acknowledges, however, that the district court did not orally announce at sentencing the portion of special condition three

2

requiring that Montague warn other occupants that his premises may be subject to searches. Acknowledging that this court has recognized that such a failure amounts to error under *Rogers* and *Singletary* and that the only remedy for such error is a remand for resentencing, the Government argues that this case should be remanded for resentencing. We affirm in part, dismiss the appeal in part, vacate Montague's sentence, and remand for resentencing.

Turning to the challenge to the validity of Montague's guilty plea,[1] we note that, before accepting a guilty plea, the district court must conduct a plea colloquy during which it must inform the defendant of, and determine that the defendant understands, the rights he is relinquishing by pleading guilty, the charge to which he is pleading, and the penalties he faces. Fed. R. Crim. P. 11(b)(1). The court also must ensure that the plea was voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and that a factual basis supports the plea, Fed. R. Crim. P. 11(b)(3). Because Montague did not seek to withdraw his guilty plea, we review the adequacy of the Fed. R. Crim. P. 11 hearing for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). "Under the plain error standard, [we] will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal

---

[1] Although the Government moves to dismiss this issue as barred by the appeal waiver in Montague's plea agreement, the appeal waiver does not prevent our consideration of the validity of his guilty plea. *See United States v. Marsh*, 944 F.3d 524, 528 (4th Cir. 2019).

quotation marks omitted). "In the Rule 11 context, this inquiry means that [the defendant] must demonstrate a reasonable probability that, but for the error, he would not have pleaded guilty." *United States v. Sanya*, 774 F.3d 812, 816 (4th Cir. 2014) (internal quotation marks omitted). Here, the record reveals that the district court substantially complied with the requirements of Rule 11 in accepting Montague's guilty plea and that any omissions did not affect Montague's substantial rights. Montague entered his plea knowingly and voluntarily, and a factual basis supports his plea. We thus conclude that Montague's guilty plea is valid.

Turning to Montague's appeal waiver, we review its validity de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). A waiver is valid if it is "knowing and voluntary." *Id.* To determine whether a waiver is knowing and voluntary, "we consider the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted). Generally, "if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted). Our review of the record confirms that Montague knowingly and voluntarily waived his right to appeal his conviction and sentence. We therefore conclude that the waiver is valid and enforceable and that the challenge to the district court's denial of the motion to suppress falls squarely within the scope of the waiver.

Next, whether there is reversible error under *Rogers* and *Singletary* with respect to discretionary conditions of supervised release is a matter we review de novo. *United States v. Mathis*, 103 F.4th 193, 196 n.5 (4th Cir. 2024). *Rogers* and *Singletary* "require a district court to orally pronounce all discretionary conditions of supervised release at the sentencing hearing." *Id.* at 197; *see Singletary*, 984 F.3d at 344; *Rogers*, 961 F.3d at 296-99. A challenge to discretionary supervised release terms present in the judgment that were not orally pronounced at sentencing falls outside the scope of an appeal waiver because "the heart of a *Rogers* claim is that discretionary conditions appearing for the first time in a written judgment . . . have *not* been 'imposed' on the defendant." *Singletary*, 984 F.3d at 345.

In imposing Montague's supervised release conditions at the sentencing hearing, the district court orally pronounced as to special condition three that "[p]robation may search [Montague's] person, his property, his vehicle, for any evidence to suggest that there's a violation of the terms and conditions of the supervised release, and probation may do so without a warrant provided they have reasonable suspicion that a violation has taken place." The written judgment, by contrast, directs in special condition three that Montague had to

> submit his person, property, house, residence, vehicle, papers, or office, to searches conducted by a United States probation officer. Failure to submit to searches may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct searches pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation.

5

At no point during its oral pronouncements of the discretionary conditions of Montague's supervised release did the district court pronounce that Montague had to warn other occupants that the premises may be subject to searches. This, we conclude, is reversible error under *Rogers* and *Singletary* warranting vacatur of Montague's sentence and a remand for resentencing. *Mathis*, 103 F.4th at 198-200.[2]

Finally, in accordance with *Anders*, we have reviewed the remainder of the record in this case and have found no meritorious grounds for appeal. We therefore affirm in part, grant in part the Government's motion to dismiss the appeal, vacate Montague's sentence, and remand for resentencing. This court requires that counsel inform Montague, in writing, of the right to petition the Supreme Court of the United States for further review. If Montague requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Montague.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART,*
*VACATED IN PART AND REMANDED*

---

[2] Consequently, we need not address Montague's argument in his supplemental brief that the district court also erred by failing to announce four other discretionary supervised release conditions.