**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 21-4696**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRIAN ANTHONY GILBERT,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paul W. Grimm, Senior District Judge.  (8:20-cr-00374-PWG-1)

─────────────

Submitted:  October 10, 2024                    Decided:  January 10, 2025

─────────────

Before DIAZ, Chief Judge, RUSHING, Circuit Judge, and KEENAN, Senior Circuit Judge.

─────────────

Dismissed in part, affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

─────────────

**ON BRIEF:** Vincent A. Jankoski, Silver Spring, Maryland, for Appellant.  Erek L. Barron, United States Attorney, David C. Bornstein, Assistant United States Attorney, Jason D. Medinger, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian Anthony Gilbert seeks to appeal his convictions and the 540-month sentence imposed following his guilty plea, pursuant to a written plea agreement, to two counts of production of child pornography, in violation of 18 U.S.C. § 2251(a), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2). Gilbert's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether Gilbert's guilty plea is valid and whether his sentence is reasonable. Gilbert did not file a pro se supplemental brief after being notified of his right to do so. The Government has moved to dismiss the appeal as barred by the appeal waiver included in the plea agreement.[1] At our direction, the parties filed supplemental briefs addressing, inter alia, whether the district court complied with *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), in pronouncing the discretionary conditions of Gilbert's supervised release.

Where, as here, the Government seeks to enforce an appeal waiver and the defendant has not alleged a breach of the plea agreement, we will enforce the waiver if it is valid and the issues raised on appeal fall within its scope. *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021). Our review of the plea hearing leads us to conclude that Gilbert knowingly and intelligently waived his right to appeal and that the waiver is valid and enforceable as to all issues that fall within its scope. We therefore grant in part the

---

[1] We grant the Government's motion for leave to file its renewed motion to dismiss out of time. We deny as moot the Government's initial motion to dismiss.

2

Government's renewed motion to dismiss. In accordance with our review of the record pursuant to *Anders*, we further conclude that Gilbert's guilty plea was knowing, voluntary, and supported by a sufficient factual basis. *See United States v. Taylor-Sanders*, 88 F.4th 516, 522 (4th Cir. 2023) ("[T]he existence of [an appeal] waiver does not bar our review of the validity of the guilty plea.").

We have also reviewed whether the written judgment is consistent with the oral pronouncement of Gilbert's sentence, particularly regarding the conditions of Gilbert's supervised release. This issue falls outside the scope of an otherwise valid appeal waiver. *See United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021). A district court is required to orally pronounce at sentencing all discretionary conditions of supervised release. *Rogers*, 961 F.3d at 296. This requirement "is a critical part of the defendant's right to be present at sentencing," *id.* at 300 (internal quotation marks omitted), and ensures the defendant has an opportunity to challenge unwarranted conditions before they are imposed, *id.* at 298. "[A] material discrepancy between a discretionary condition as pronounced and as detailed in a written judgment may constitute *Rogers* error." *United States v. Mathis*, 103 F.4th 193, 197 (4th Cir. 2024) (internal quotation marks omitted).

We discern at least one such material discrepancy in this case. Specifically, at sentencing, the district court pronounced a special condition of supervised release requiring that Gilbert "not have any direct contact with any child he knows or reasonably should know to be under the age of 18 without permission of the probation officer." (J.A. 86).[2]

---

[2] Citations to "J.A." refer to the joint appendix filed by the parties in this appeal.

3

The version of this condition that appears in the written judgment, however, also requires Gilbert to report any unapproved direct contact with minors "to the probation officer within 24 hours." (J.A. 95). This notification requirement is "an additional obligation" that "[does] not clarify anything announced at sentencing" regarding the contact-with-minors condition. *Mathis*, 103 F.4th at 198. Due to this material discrepancy, we must "vacate the entire sentence and remand for the district court to resentence [Gilbert]." *Id.* (internal quotation marks omitted).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no other meritorious grounds for appeal that would fall outside the waiver's scope or that would properly be addressed at this time.[3] We thus affirm Gilbert's convictions and dismiss the appeal as to any issues falling within the scope of the appeal waiver, but we vacate his sentence and remand for resentencing. This court requires that counsel inform Gilbert, in writing, of the right to petition the Supreme Court of the United States for further review. If Gilbert requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gilbert.

---

[3] Because we must vacate Gilbert's entire sentence due to the *Rogers* error discussed above, we do not reach the question of whether the supervision condition that requires Gilbert, at the direction of his probation officer, to notify others of any risk he poses to them amounts to an improper delegation of the district court's authority to the probation officer. Gilbert, if he so chooses, may raise that argument before the district court on resentencing. We also do not decide at this time whether any such challenge would fall within the scope of Gilbert's appeal waiver.

5

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*