**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-4551**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TYREN OMARIOUS HARGROVE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:22-cr-00173-FL-1)

Submitted:  October 1, 2024                              Decided:  November 20, 2024

Before WILKINSON and HEYTENS, Circuit Judges, FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Lucy Partain Brown, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyren Omarious Hargrove pled guilty to possession with intent to distribute heroin and fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).  The district court sentenced Hargrove to 188 months' imprisonment, followed by three years' supervised release. Hargrove now appeals, asserting that the district court reversibly erred when it imposed a special warrantless search condition in the written judgment that differed from the condition the district court pronounced orally at the sentencing hearing.  We affirm.

A district court must announce all discretionary conditions of supervised release at the sentencing hearing.  *United States v. Rogers*, 961 F.3d 291, 296-99 (4th Cir. 2020). "Discretionary conditions that appear for the first time in a subsequent written judgment . . . are nullities; the defendant has not been sentenced to those conditions and a remand for resentencing is required."  *United States v. Singletary*, 984 F.3d 341, 344 (4th Cir. 2021). "[A] district court may satisfy its obligation to orally pronounce discretionary conditions through incorporation" of conditions by reference to "a written list of proposed conditions," such as those listed in the Sentencing Guidelines, the presentence report, or standing orders adopted by a district.  *Rogers*, 961 F.3d at 299.

In addition to failing to announce nonmandatory conditions of supervised release at the sentencing hearing, a district court errs under *Rogers* when the conditions announced at the sentencing hearing are not consistent with those listed in the written judgment.  *See United States v. Cisson*, 33 F.4th 185, 193-94 (4th Cir. 2022).  However, while a material discrepancy between a discretionary condition announced at sentencing and the condition detailed in the written judgment is reversible error, "the written judgment does not have to

2

match perfectly with the oral pronouncement." *United States v. Mathis*, 103 F.4th 193, 197 (4th Cir. 2024). "That is, not all inconsistencies between the written judgment and what was orally pronounced are reversible errors under *Rogers*." *Id.* We review de novo "the consistency of the defendant's oral sentence and the written judgment." *Cisson*, 33 F.4th at 193 (cleaned up).

We have reviewed the record and conclude that the district court did not reversibly err under *Rogers*. The condition as announced by the district court at sentencing is not materially inconsistent with the condition as listed in the presentence report and the written judgment.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*