**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4678

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRIAN ASKEW,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Elizabeth W. Hanes, District Judge.  (4:21-cr-00065-EWH-LRL-1)

Submitted:  December 20, 2024                          Decided:  April 4, 2025

Before HARRIS, QUATTLEBAUM, and HEYTENS, Circuit Judges.

Dismissed in part, affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.  Judge Quattlebaum wrote a concurring opinion.

**ON BRIEF:** Andrew M. Stewart, Sloane Stewart, Fairfax, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Daniel J. Honold, Assistant United States Attorney, Julie Podlesni, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian Askew appeals the 100-month sentence imposed following his guilty plea to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1).  Askew's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal regarding the terms of imprisonment and supervised release, but arguing that discrepancies between the written judgment and the district court's oral pronouncement of two discretionary conditions of supervised release violate *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020).  Askew was notified of his right to file a pro se supplemental brief but has not done so.  The Government moves to dismiss the appeal in part pursuant to the appeal wavier provision in Askew's plea agreement.  It also moves for a limited remand to conform the written judgment to the supervised release conditions pronounced at sentencing.  Askew initially acceded to the Government's request for a limited remand.

After placing this appeal in abeyance,[1] we deferred ruling on the Government's motion and directed the parties to provide supplemental briefs addressing two issues: (1) whether the district court committed *Rogers* error; and (2) whether we may remedy *Rogers* error by way of a limited remand to correct only the at-issue conditions if the parties agree to that remedy.  In response, Askew reiterates his claim of *Rogers* error but withdraws his

[1] In accordance with our obligations under *Anders*, we held this appeal in abeyance pending decision in No. 22-4519, *United States v. Canada*.  Our decision in *Canada* provides Askew no colorable grounds for appeal.  *See United States v. Canada*, __ F.4th __, __, No. 22-4519, 2024 WL 5002188, at *1-2 (4th Cir. Dec. 6, 2024) (rejecting facial constitutional challenge to § 922(g)(1)).

2

consent to a limited remand and instead requests a full resentencing.  The Government concedes both that the district court violated *Rogers* and that Askew's request for a full resentencing mandates such a remedy.  For the reasons that follow, we dismiss the appeal in part, affirm the judgment in part, vacate the judgment in part, and remand for resentencing.

We review the validity of an appeal waiver de novo.  *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021).  Where, as here, "the [G]overnment seeks to enforce an appeal waiver and has not breached the plea agreement, we will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver."  *Id.* (internal quotation marks omitted).

An appeal waiver is valid if it was "entered by the defendant knowingly and intelligently."  *Id.* (internal quotation marks omitted).  To determine whether a waiver is knowing and intelligent, we evaluate "the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms."  *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018)  (internal quotation marks omitted).  "Generally . . . , if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid."  *Id.* (internal quotation marks omitted).  Upon review of the record, we conclude that Askew's waiver of appellate rights was knowing and intelligent and, thus, valid.

3

Askew's appeal waiver does not bar our consideration of his *Rogers* claim. *United States v. Singletary*, 984 F.3d 341, 344 (4th Cir. 2021). *Rogers* obligates district courts to pronounce all discretionary conditions of supervised release at sentencing. *Rogers*, 961 F.3d at 296-99. "[T]he heart of a *Rogers* claim is that discretionary conditions appearing for the first time in a written judgment in fact have not been imposed on the defendant." *Singletary*, 984 F.3d at 345 (internal quotation marks omitted). "We review the consistency of [Askew's] oral sentence and the written judgment de novo, comparing the sentencing transcript with the written judgment to determine whether an error occurred as a matter of law." *Rogers*, 961 F.3d at 296 (internal quotation marks omitted).

The district court imposed a special condition of supervised release requiring Askew to participate in a substance abuse treatment program under specified circumstances. The district court's written judgment differs materially from its oral pronouncement of that condition, requiring Askew to pay partial costs of treatment at the probation officer's direction. As the parties now agree, this discrepancy amounts to *Rogers* error. *See United States v. Mathis*, 103 F.4th 193, 197-98 (4th Cir. 2024). And, under our precedent, the error requires us to "vacate the entire sentence and remand for full resentencing" where, as here, the defendant requests that remedy.[2] *United States v. Lassiter*, 96 F.4th 629, 640 (4th

---

[2] Because we conclude that the treatment condition requires full resentencing under *Rogers*, we need not address Askew's additional argument that another discretionary condition dictating Askew's post-release reporting requirement also violated *Rogers*. Additionally, given the parties' current positions, the question of whether a more limited remedy for *Rogers* error is available if the parties agree to it is no longer properly before us.

4

Cir. 2024), *cert. denied*, No. 23-7568, 2024 WL 4426906 (U.S. Oct. 7, 2024); *see Mathis*, 103 F.4th at 198-200.

In accordance with *Anders*, we have reviewed the record and identified no potentially meritorious challenges to Askew's conviction that fall outside the scope of his valid appeal waiver. *See McCoy*, 895 F.3d at 363-64 (discussing nonwaivable issues); *United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005) (same). Accordingly, we grant in part and deny in part the Government's motion to dismiss and for a limited remand. We affirm the criminal judgment as to all nonwaivable challenges to Askew's conviction, dismiss the appeal as to all waivable challenges to Askew's conviction, vacate Askew's sentence, and remand for a full resentencing.

This court requires that counsel inform Askew, in writing, of the right to petition the Supreme Court of the United States for further review. If Askew requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Askew.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*

5

QUATTLEBAUM, Circuit Judge:

I concur in the order to remand. I write to reiterate my concerns about our circuit's jurisprudence in this area. *See United States v. Mathis*, 103 F. 4th 193, 199 (4th Cir. 2024). Requiring a full resentencing for the minor discrepancies in this case illustrates the problems with our approach. Despite those problems, I must go along with the remand here because our circuit's precedents compel it.