**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-4562**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BENJAMIN LAWTON, a/k/a Rico,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, Senior District Judge.  (1:22-cr-00097-RDB-1)

Submitted:  March 21, 2025                                        Decided:  April 11, 2025

Before AGEE, WYNN, and RICHARDSON, Circuit Judges.

Dismissed in part, vacated and remanded in part by unpublished per curiam opinion.

**ON BRIEF:**  Gerald C. Ruter, LAW OFFICES OF GERALD C. RUTER, P.C., Baltimore, Maryland, for Appellant.  Colleen Elizabeth McGuinn, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Benjamin Lawton seeks to appeal the district court's judgment after pleading guilty to sex trafficking by force, fraud, and coercion in violation of 18 U.S.C. § 1591(a)(1), (b)(1).  On appeal, Lawton's attorney has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but questioning whether Lawton knowingly, intelligently, and voluntarily waived his right to appeal his conviction and sentence.  The Government has moved to dismiss the appeal as barred by Lawton's appeal waiver.  Lawton was notified of his right to file a pro se supplemental brief but has not done so.  We grant the Government's motion to dismiss in part, deny the motion in part, vacate the district court's judgment, and remand for resentencing.

"We have consistently held that appellate waivers in valid plea agreements are enforceable."  *United States v. Soloff*, 993 F.3d 240, 243 (4th Cir. 2021).  "Plea agreements are grounded in contract law, and as with any contract, each party is entitled to receive the benefit of his bargain."  *United States v. Edgell*, 914 F.3d 281, 287 (4th Cir. 2019) (internal quotation marks omitted).  But, there is "a 'narrow class of claims that we have allowed a defendant to raise on direct appeal despite a general waiver of appellate rights.'"  *United States v. Moran*, 70 F.4th 797, 802 n.3 (4th Cir. 2023).

"For example, [n]o appeal waiver . . . can bar a defendant's right to challenge his sentence as outside a statutorily prescribed maximum or based on a constitutionally impermissible factor such as race."  *United States v. Toebbe*, 85 F.4th 190, 202 (4th Cir. 2023) (internal quotation marks omitted).  "In such circumstances, we have explained, 'the errors allegedly committed by the district courts were errors that the defendants could not

2

have reasonably contemplated when the plea agreements were executed.'" *Id*. Moreover, "the existence of such a waiver does not bar our review of the validity of the guilty plea and plea waiver." *United States v. Taylor-Sanders*, 88 F.4th 516, 522 (4th Cir. 2023).

We review the validity and effect of an appeal waiver de novo. *United States v. Lubkin*, 122 F.4th 522, 526 (4th Cir. 2024). "Where 'there is no claim that the United States breached its obligations under the plea agreement,' we enforce an appeal waiver if the record shows (1) 'that the waiver is valid' and (2) 'that the issue being appealed is within the scope of the waiver.'" *Id*. "An appeal waiver is valid 'if the defendant's agreement to the waiver was knowing and intelligent.'" *Id*. "We look at the 'totality of the circumstances,' including the clarity of the waiver's text and 'whether the district court sufficiently explained the waiver' at the defendant's 'plea colloquy.'" *Id*.

While the district court's explanation is an important factor, its "failure to strictly abide by Rule 11 will not alone render an appellate waiver unenforceable," *United States v. Manigan*, 592 F.3d 621, 637 (4th Cir. 2010), "because the question must be evaluated by reference to the totality of the circumstances, including the 'experience and conduct of the accused,' as well as the accused's educational background and familiarity with the terms of the plea agreement," *United States v. General*, 278 F.3d 389, 400 (4th Cir. 2002). "We use traditional principles of contract law to determine whether an issue falls within the scope of a valid waiver." *United States v. Carter*, 87 F.4th 217, 224 (4th Cir. 2023).

Upon our review of the record, we conclude that Lawton's appeal waiver is valid under the totality of the circumstances. In his plea agreement, Lawton waived the right to appeal his "conviction on any ground whatsoever" and "whatever sentence is imposed."

3

The district court confirmed that Lawton, who had attended three years of college, had read the plea agreement and discussed it with counsel; and the court also ensured he understood that he was waiving his right to appeal. Moreover, although the waiver does not bar our review of its validity, we conclude that this appeal falls within the scope of the waiver, to the extent Lawton seeks to challenge his conviction or the sentence that was imposed.

But, pursuant to *Anders*, we have also reviewed the record for any meritorious issues falling outside of the waiver, and we have found one such issue. "In *Rogers*, we held that district courts must announce all discretionary conditions of supervised release at a defendant's sentencing hearing." *United States v. Cisson*, 33 F.4th 185, 191 (4th Cir. 2022) (citing *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020)). "Discretionary conditions that appear for the first time in a subsequent written judgment, we held, are nullities; the defendant has not been sentenced to those conditions, and a remand for resentencing is required." *United States v. Singletary*, 984 F.3d 341, 344 (4th Cir. 2021).

"'[A] district court may satisfy its obligation to orally pronounce discretionary conditions through incorporation' by 'expressly incorporating a written list of proposed conditions.'" *United States v. Bullis*, 122 F.4th 107, 118 (4th Cir. 2024) (quoting *Rogers*, 961 F.3d at 299). But, "an adoption of proposed conditions of supervised release by a sentencing court—such as recommendations of such conditions set forth in the defendant's PSR—requires those conditions to be expressly incorporated." *United States v. Smith*, 117 F.4th 584, 606 (4th Cir. 2024), *cert. denied sub nom. Alcorn v. United States*, No. 24-6466, __ S. Ct. __, 2025 WL 746366 (Mar. 10, 2025). This "Court in *Cisson* rejected the proposition that a probation officer's foreshadowing of a defendant's sentence can relieve

4

the sentencing court of its obligation to pronounce in open court all discretionary terms of supervised release." *Id*. (citing *Cisson*, 33 F.4th at 193). When we determine that the district court erred under *Rogers*, "we have only one option—vacate and remand for a full resentencing." *United States v. Mathis*, 103 F.4th 193, 200 (4th Cir. 2024).

Here, we conclude that the district court erred under *Rogers* by including in the written judgment a special condition of supervised release requiring Lawton's participation in a mental health treatment program without orally announcing the condition at sentencing or expressly incorporating the special conditions proposed by the probation officer in the presentence report. Because this issue falls outside the scope of Lawton's appeal waiver, *see Singletary*, 984 F.3d at 345, we must vacate and remand for resentencing.

Accordingly, we grant the Government's motion to dismiss the appeal in part, deny the motion in part, vacate the district court's judgment, and remand for resentencing. This court requires that counsel inform Lawton, in writing, of his right to petition the Supreme Court of the United States for further review. If Lawton requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lawton. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*VACATED AND REMANDED IN PART*