**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4578

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DANIEL LAMONT MATHIS, a/k/a Gunna, a/k/a Mooch, a/k/a D-Man,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville.  Michael F. Urbanski, Chief District Judge.  (3:14-cr-00016-MFU-JCH-1)

Argued:  January 25, 2024                    Decided:  May 29, 2024

Before AGEE, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

Vacated and remanded by published opinion. Judge Quattlebaum wrote the opinion, in which Judge Agee and Judge Richardson joined.

**ARGUED:** Erin Margaret Trodden, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlottesville, Virginia, for Appellant.  Laura Taylor, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee. **ON BRIEF:** Juval O. Scott, Federal Public Defender, Geremy Kamens, Interim Federal Public Defender, Christine Madeleine Lee, Assistant Federal Public Defender, Monica D. Cliatt, First Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Roanoke, Virginia, for Appellant.  Christopher R. Kavanaugh, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

QUATTLEBAUM, Circuit Judge:

This appeal installs another episode in our circuit's *Rogers-Singletary* series. At Daniel Lamont Mathis' sentencing hearing, the district court orally pronounced that he would "be subject to warrantless search and seizure to ensure compliance with these conditions." J.A. 118. Later, the district court issued the written judgment with a special condition providing that Mathis "shall submit his or her person, property, house, residence, vehicle, papers, [computers as defined in 18 U.S.C. § 1030(e)(1), other electronic communications or data storage devices or media], or office, to a search conducted by a United States probation officer." J.A. 126. It also required Mathis to "warn any other occupants that the premises may be subject to searches pursuant to this condition." J.A. 126.

On appeal, Mathis argues that the additional language in the written judgment constitutes error under *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), and *United States v. Singletary* (*Singletary I*), 984 F.3d 341 (4th Cir. 2021).[1]

We agree with Mathis that the requirement that he "warn any other occupants that the premises may be subject to searches pursuant to this condition," J.A. 126, is inconsistent with the orally pronounced condition. And, although both parties ask us to strike some or all of the condition containing the offending language, our precedent permits

---

[1] At first, Mathis' counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that counsel had not identified any meritorious grounds for appeal, and that Mathis was likely procedurally barred from raising issues that he could have raised during his previous appeal. After reviewing the record under *Anders*, we directed the parties to provide supplemental briefing addressing, in part, whether there is error under *Rogers* and *Singletary*.

only one remedy. *Rogers*, *Singletary I* and their progeny require us to vacate Mathis' sentence and remand for a full resentencing based on this inconsistency alone.

## I.

In 2016, a federal jury convicted Mathis of twenty-three counts of various offenses, including Hobbs Act robbery, racketeering and violent crimes in aid of racketeering activity, all in connection with the carjacking, kidnapping and execution-style murder of a Virginia police officer.[2] The district court originally sentenced Mathis in September 2016 to four concurrent life sentences, along with a consecutively imposed term of 132 years' imprisonment. Mathis appealed. *See United States v. Mathis*, 932 F.3d 242 (4th Cir. 2019). We agreed with Mathis' arguments about one of his counts of conviction and vacated it. But we affirmed the remaining twenty-two counts. So we remanded the case to the district court for resentencing. While that appeal was ongoing, Congress passed the First Step Act of 2018.[3] Part of that statute amended the sentencing structure for second or subsequent convictions under 18 U.S.C. § 924(c), of which Mathis had many.

The district court resentenced Mathis in October 2021. Incorporating adjustments from his successful appeal and the First Step Act, the court sentenced Mathis to four concurrent life sentences, plus 48 years' imprisonment.

---

[2] A lengthy description of the factual background and procedural history of this case is set forth in our prior opinion, *United States v. Mathis*, 932 F.3d 242, 249–52 (4th Cir. 2019). As a result, only facts necessary for resolving this appeal are presented.

[3] *See* Pub. L. No. 115-391, 132 Stat. 5194.

The district court also set forth mandatory conditions of supervised release, though the court acknowledged that it was unlikely the conditions would ever take effect, given Mathis' life sentences. Relevant to this appeal, the court next outlined several discretionary or "special" conditions of supervised release.[4] In particular, the court stated:

> The defendant shall reside in a residence free of firearms, ammunition, destructive devices, dangerous weapons. He shall be subject to warrantless search and seizure to ensure compliance with these conditions.

J.A. 118.

The district court entered an amended written judgment following the hearing. In a section outlining special conditions of release, the amended written judgment lists Special Condition 3 as:

> The defendant shall submit his or her person, property, house, residence, vehicle, papers, [computers as defined in 18 U.S.C. § 1030(e)(1), other electronic communications or data storage devices or media], or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his or her supervision and that the areas to be searched contain evidence of this violation.

---

[4] "Mandatory" conditions are those that are "specifically listed in [18 U.S.C.] § 3583(d) that a sentencing court 'shall' impose with no room for discretion." *Rogers*, 961 F.3d at 296 (citation omitted). "Discretionary" conditions "include everything else." *Id.* at 297. The Sentencing Guidelines classify discretionary conditions into subcategories, "listing 'standard' conditions that are 'recommended' for all terms of supervised release, 'special' conditions that are 'recommended' only in certain circumstances, and 'additional' conditions that 'may be appropriate on a case-by-case basis.'" *Id.* (quoting U.S.S.G. § 5D1.3). While "[t]he full typology can be complicated," *id.*, Mathis' appeal involves a "special" condition of supervised release, a type of "discretionary" condition. As a result, "special" and "discretionary" are used interchangeably throughout this opinion.

J.A. 126.

Mathis appealed and now argues that his written judgment is impermissibly inconsistent with the sentence orally pronounced in violation of *Rogers-Singletary*.[5]

II.

A.

Under Federal Rule of Criminal Procedure 43(a)(3), "the defendant must be present at . . . sentencing." Based on that mandate, *Rogers* and *Singletary I* require a district court to orally pronounce all discretionary conditions of supervised release at the sentencing hearing. *Singletary I*, 984 F.3d at 344; *Rogers*, 961 F.3d at 296–99. And under those precedents, our remedy is guided by a "clear rule." *Singletary I*, 984 F.3d at 344. "Discretionary conditions that appear for the first time in a subsequent written judgment . . . are nullities; the defendant has not been sentenced to those conditions, and a remand for resentencing is required." *Id.*

A prototypical *Rogers-Singletary* error involves a discretionary condition in the written judgment that was not mentioned at all during sentencing. *See Rogers*, 961 F.3d at 299 (finding error when twenty-two discretionary conditions were not orally announced but later included in the written judgment); *Singletary I*, 984 F.3d at 345–46 (recognizing

---

[5] We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We "review the consistency of [the] oral sentence and the written judgment de novo." *United States v. Cisson*, 33 F.4th 185, 193 (4th Cir. 2022).

error when two discretionary conditions were not orally announced but later included in the written judgment). These unannounced condition errors are generally easy to spot.

A more challenging version of this error involves some degree of difference between what was pronounced orally and what appears in the later written judgment. In other words, rather than including a condition in the written judgment that was never addressed at sentencing, the district court instead pronounces a condition at sentencing but describes it differently in the written judgment. In this situation, "a material discrepancy between a discretionary condition as pronounced and as detailed in a written judgment may constitute *Rogers* error." *United States v. Chance*, No. 20-4525, 2023 WL 2784869, at *2 (4th Cir. Apr. 5, 2023); *see United States v. Locklear*, No. 21-4161, 2023 WL 2300394, at *1–2 (4th Cir. Mar. 1, 2023) (finding error when the district court orally pronounced that the defendant would support his "children," but the written judgment stated that the defendant would support his "dependents"); *United States v. Upchurch*, No. 21-4674, 2023 WL 4948011, at *2 (4th Cir. Aug. 3, 2023) (finding error when the district court orally pronounced that the defendant would be subject to warrantless searches upon reasonable suspicion of a probation violation, but the written judgment failed to include the reasonable suspicion requirement).

Identifying this type of *Rogers-Singletary* error can be tricky because the written judgment does not have to match perfectly with the oral pronouncement. That is, not all inconsistencies between the written judgment and what was orally pronounced are reversible error under *Rogers* and *Singletary I*. For one, when the oral pronouncement is ambiguous, the written judgment's different language may serve to clarify the sentence.

6

*See Rogers*, 961 F.3d at 299 ("[W]here the precise contours of an oral sentence are ambiguous, we may look to the written judgment to clarify the district court's intent." (citing *United States v. Osborne*, 345 F.3d 281, 283 n.1 (4th Cir. 2003))). For another, some difference between the oral pronouncement and the written judgment is permitted when the government has offered an explanation for the alleged inconsistency to which the defendant has not responded. *See United States v. Cisson*, 33 F.4th 185, 193–94 & n.6 (4th Cir. 2022) (rejecting the defendant's claim of inconsistency between oral condition and written condition when the government offered explanation suggesting there was no actual inconsistency present, and defendant did not respond to proffered explanation).

The government claims that this appeal involves the first of those exceptions: a written judgment that clarifies an otherwise ambiguous oral pronouncement. It argues that the conditions, taken as a whole, clarify the district court's oral pronouncement that Mathis be subject to warrantless search and seizure. Mathis disagrees. He points out that the district court orally pronounced that he "shall be subject to warrantless search and seizure to ensure compliance with these conditions." J.A. 118. Then he argues that the additional language in the written judgment listing the various permissible types of searches and requiring him to "warn any other occupants that the premises may be subject to searches," J.A. 126, improperly expands this condition by adding new restrictions.

We need not address Mathis' argument about the scope of permissible searches and seizures because the requirement that Mathis warn other occupants that the premises may be subject to searches is impermissibly inconsistent with the district court's oral

7

pronouncement. And under our *Rogers-Singletary* jurisprudence, one rotten apple spoils the whole barrel.

The written judgment's requirement that Mathis "warn any other occupants that the premises may be subject to searches" does not clarify the orally pronounced condition. Nothing about warning third parties was even mentioned at the sentencing hearing. And the warning requirement does not explain or spell out the details of any search or seizure. Instead, it imposes a new condition by outlining an additional obligation. A duty to warn *third parties* is not something that could reasonably be expected to flow from the district court's pronouncement at sentencing that *Mathis* would be subject to warrantless searches and seizures. So, the warning requirement did not clarify anything announced at sentencing. It imposed a separate unannounced discretionary condition.

For these reasons, the requirement in Special Condition 3 that "[t]he defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition," J.A. 126, is inconsistent with the oral pronouncement and constitutes reversible error under *Rogers* and *Singletary I*. *See United States v. Williams*, No. 22-4321, 2024 WL 617720, at \*2–3 (4th Cir. Feb. 14, 2024) ("The written description of this condition, which additionally requires Williams to warn residents that he is subject to warrantless searches, is inconsistent with the court's oral pronouncement.").

## B.

Having identified a *Rogers-Singletary* error, our next task is to determine what to do about it. Our precedent leaves no choice. We have a "clear rule." *Singletary I*, 984 F.3d at 344. "When a district court fails to orally pronounce discretionary conditions of

8

supervised release . . . we vacate the entire sentence and remand for the district court to resentence the defendant." *United States v. Kemp*, 88 F.4th 539, 546 (4th Cir. 2023) (citing *Singletary I*, 984 F.3d at 344); *see also United States v. Lassiter*, 96 F.4th 629, 640 (4th Cir. 2024) ("Our precedents are clear: When a *Rogers* error occurs, we must vacate the entire sentence and remand for full resentencing.").

Despite our clear rule, both parties suggest we may have other options. Mathis requests that we "strike special condition number 3" in full. Supp. Op. Br. 11. For its part, the government "would not object to the Court striking those portions of Special Condition #3 it finds inconsistent with the oral pronouncement and saving the resources necessary for a resentencing." Supp. Resp. Br. 14.

Were we writing on a clean slate, those requests might seem reasonable. After all, if the warning requirement in Special Condition 3 is a nullity, as *Rogers*, *Singletary I* and cases that follow would hold, striking the warning requirement makes some sense. *See Kemp*, 88 F.4th at 551 (Quattlebaum, J., concurring). Besides that, Mathis is confined in a California prison. So, the government must expend significant resources to bring him across the country for a full resentencing, all because of one sentence in the written judgment addressing a special condition of supervised release that, due to his multiple life sentences, Mathis will likely never be subject to.[6]

---

[6] In a Rule 28(j) letter, Mathis cites our unpublished decision in *United States v. Calderon*, No. 19-4907, 2022 WL 898012, at *1 (4th Cir. Mar. 28, 2022), to argue his life sentences justify striking Special Condition 3. We disagree. Despite *Calderon*, our precedential *Rogers-Singletary* decisions require a full resentencing. That said, Mathis' life sentences may implicate 28 U.S.C. § 2111's command that we do not reverse or vacate for

We do not fault the parties for suggesting we might have flexibility. Despite our "clear rule," we've deviated from it, largely in our unpublished cases. *See id.* at 550–51 (Quattlebaum, J., concurring). And in two published decisions, we have stated that, should the defendant so choose, a narrower remedy might be appropriate. *See United States v. Singletary* (*Singletary II*), 75 F.4th 416, 427 n.7 (4th Cir. 2023) ("Though we have held that defendants with valid *Singletary* claims are entitled to a full vacatur of their sentences and remand for resentencing, . . . we see no reason a defendant could not elect to request a narrower remedy, in the form of a limited remand on only the challenged conditions." (citing *Singletary I*, 984 F.3d at 346 n.4)); *Kemp*, 88 F.4th at 547 ("[D]efendants who succeed on *Rogers* claims 'are entitled to a full vacatur of their sentences and remand for resentencing' if they so request." (citing *Singletary II*, 75 F.4th at 427 n.7)).

But *Rogers* and *Singletary I* tie our hands. In *Singletary I*, the defendant asked us to vacate the at-issue condition, essentially taking a blue pencil to any problematic portions. 984 F.3d at 346. We rejected that approach outright, because "[u]nder *Rogers*, the remedy for this error is not, as [the defendant] suggests, simply to strike the financial conditions from the written judgment." *Id.* For its part in that case, the government requested a limited remand to address the at-issue provision. *Id.* at 346 n.4. We also rejected that approach, doubling down on our one-size-fits-all remedy, vacating the sentence, and remanding for the district court to resentence the defendant. *See id.* at 346 & n.4. *But see Kemp*, 88 F.4th at 551–53 (Quattlebaum, J., concurring) (advocating for a limited resentence as the best

---

errors which do not affect substantial rights. But since the parties do not raise, much less brief, this argument, we decline to address it.

remedy).[7] Maybe one day, we'll revisit our outlier approach to *Rogers-Singletary* errors. *See Kemp*, 88 F.4th at 551 (Quattlebaum, J., concurring) (observing that "we are the only circuit to require a full resentencing to remedy a violation of the right to be present"). But for now, we have only one option—vacate and remand for a full resentencing.[8]

---

[7] It is difficult to square the language in *Singletary II*, cited approvingly by *Kemp*, that defendants can elect a narrower remedy with what *Singletary I* identifies as our clear rule from *Rogers*. *See McMellon v. United States*, 387 F.3d 329, 334 (4th Cir. 2004) (en banc) (detailing our circuit's rule requiring subsequent panels to follow the earliest of the conflicting cases). But even considering *Singletary II*'s language, it mentions only that defendant might elect a narrower remedy in the form of a limited remand on only the challenged conditions. 75 F.4th at 427 n.7. That is the one thing Mathis' counsel explicitly asked that this Court not do, describing it as the worst possible option. And because the government and Mathis do not both agree to a particular limited remedy, we need not determine whether mutual agreement would permit striking an offending provision or issuing a limited remand.

[8] Mathis also argues that the written judgment includes a term of supervised release that was never orally pronounced. It appears that when imposing concurrent terms of five years of supervised release for the various counts, the district court skipped "Count 19." *See* J.A. 117 ("I'm imposing -- I need to make sure I get this right -- five years of supervised release on Counts One, Fifteen, **Seventeen, Twenty-one**, Twenty-three, Twenty-five, Twenty-six, Twenty-eight, Twenty-nine, Thirty, Thirty-one, Thirty-three, and Thirty-five as set forth in the presentence report, five years on those counts." (emphasis added)). But the written judgment *includes* a term of supervised release on Count 19: "This term consists of five years for each of Counts 1, 15, 17, **19**, 21, 23, 25, 26, 28, 29, 30, 31, 33 and 35 . . . ." J.A. 124 (emphasis added). Mathis, therefore, argues that the Count 19 supervised release term is a nullity since it was never orally pronounced and must be struck from the written judgment. In response, government argues that the written judgment merely clarifies an ambiguity in the oral pronouncement, as permitted by *Osborne*. But "[b]ecause we vacate [Mathis'] sentence and remand for resentencing due to *Rogers* error, 'we need not and should not proceed further to reach [his] additional arguments about his prior sentencing.'" *Kemp*, 88 F.4th at 547 (quoting *Singletary I*, 984 F.3d at 344).

11

III.

For the reasons above, we vacate Mathis' sentence and remand for proceedings consistent with this opinion.

*VACATED AND REMANDED*