**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4652

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LEVI MARTINEZ MOLINA, a/k/a Levi Martinez-Molina, a/k/a Levi Josue Martinez Molina, a/k/a Levi Molina Martinez, a/k/a Levi Josue Martinez, a/k/a Levi Martinez, a/k/a Levie Martinez-Molina, a/k/a Levi Martinez-Godina,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:20-cr-00487-WO-1)

Submitted:  June 27, 2024                    Decided:  July 29, 2024

Before NIEMEYER and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed in part, vacated in part, and remanded by unpublished per curiam opinion.

**ON BRIEF:**  George E. Crump, III, LAW OFFICE OF GEORGE E. CRUMP, III, Rockingham, North Carolina, for Appellant.  Angela Hewlett Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Levi Martinez Molina pleaded guilty pursuant to a written plea agreement to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846; possession of a firearm by a felon and illegal alien, in violation of 18 U.S.C. §§ 922(g)(1), (g)(5), 924(a)(2); and reentering the United States without authorization following his removal as an aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2). The district court sentenced Martinez Molina to 168 months' imprisonment followed by five years' supervised release. On appeal, we granted the Government's motion to dismiss in part, affirmed the convictions, but vacated the sentence and remanded for resentencing. *See United States v. Molina*, No. 22-4403, 2023 WL 3863099 (4th Cir. June 7, 2023) (unpublished) (*Molina* I) (citing *United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021) and *United States v. Rogers*, 961 F.3d 291, 296-99 (4th Cir. 2020)). Martinez Molina has been resentenced and he now appeals.

Martinez Molina's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the sentence imposed is substantively reasonable. Although informed of his right to do so, Martinez Molina has not filed a pro se supplemental brief. The Government has moved to dismiss Martinez Molina's appeal based on the plea agreement's appeal waiver. We grant the Government's motion to dismiss in part, deny it in part, and vacate the sentence and remand for resentencing. In *Martinez* I, we concluded that the appeal waiver in Martinez Molina's plea agreement was valid and enforceable and his guilty plea was knowingly and voluntarily made. We will not revisit those issues. *See United States v.*

2

*Aramony*, 166 F.3d 655, 661 (4th Cir. 1999) (noting that when a court decides a question of law, that decision governs subsequent stages of the same case).

Martinez Molina's criminal judgment listed several special conditions of supervision, nearly all of which were announced by the district court at resentencing and listed in the Probation Office's recommendations for supervised release. It is well settled that the district court must announce or incorporate by reference all nonmandatory conditions of supervised release at the sentencing hearing. *Rogers*, 961 F.3d at 296-99. This "requirement . . . gives defendants a chance to object to conditions that are not tailored to their individual circumstances and ensures that they will be imposed only after consideration of the factors set out in [18 U.S.C.] § 3583(d)." *Id.* at 300. "A prototypical *Rogers-Singletary* error involves a discretionary condition in the written judgment that was not mentioned at all during sentencing." *United States v. Mathis*, 103 F.4th 193, 197 (4th Cir. 2024). In *Singletary*, we explained that a challenge to discretionary supervised release terms that were not orally pronounced at sentencing falls outside the scope of an appeal waiver because "the heart of a *Rogers* claim is that discretionary conditions appearing for the first time in a written judgment . . . have not been imposed on the defendant." 984 F.3d at 345 (internal quotation marks omitted).

At resentencing, the district court announced as a special condition of supervised release that Martinez Molina "shall abstain from the use of alcoholic beverages, shall not associate with individuals consuming alcoholic beverages, and shall not use any medication containing alcohol without the permission of the probation officer or a prescription from a licensed physician. The Defendant shall submit to any form of alcohol

3

testing as directed by the probation officer." (J.A. 89).* But the written criminal judgement added an additional obligation by instructing Martinez Molina that he "shall not frequent business establishments whose primary product to the consumer is alcoholic beverages." (J.A. 97). This particular obligation was not mentioned by the district court or included in the Probation Office's proposed list of special conditions of supervision.

In situations where the district court fails to announce or otherwise incorporate the discretionary conditions of supervised release, the appropriate remedy is to vacate the entire sentence and remand for a full resentencing hearing. *See Singletary*, 984 F.3d at 346 & n.4; *see also Mathis*, 103 F.4th at 195, 197-98 (noting that "under our *Rogers-Singletary* jurisprudence, one rotten apple spoils the whole barrel"). Because a *Rogers-Singletary* error falls outside the scope of an appeal waiver, we vacate Martinez Molina's sentence and remand for resentencing.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no other meritorious grounds for appeal. We thus grant the Government's motion to dismiss the appeal as to any issues falling within the scope of the appeal waiver, but vacate Martinez Molina's sentence and remand for resentencing. This court requires that counsel inform Martinez Molina, in writing, of the right to petition the Supreme Court of the United States for further review. If Martinez Molina requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy

---

* References are to the joint appendix.

4

thereof was served on Martinez Molina.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*VACATED IN PART,*
*AND REMANDED*
