**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4598

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GASTON GILBERTO REYES,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paula Xinis, District Judge.  (8:21-cr-00498-PX-1)

Submitted:  July 29, 2024                    Decided:  October 3, 2024

Before THACKER, RICHARDSON, and BENJAMIN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

**ON BRIEF:**  James Wyda, Federal Public Defender, Paresh S. Patel, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant.  David A. Hubbert, Deputy Assistant Attorney General, S. Robert Lyons, Chief, Criminal Appeals and Tax Enforcement Policy Section, Katie Bagley, Joseph B. Syverson, Todd A. Ellinwood, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Erek L. Barron, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gaston Gilberto Reyes appeals his sentence imposed following jury convictions on six counts of attempt to evade or defeat tax, in violation of 26 U.S.C. § 7201. The district court sentenced Reyes to 24 months' imprisonment and three years of supervised release. On appeal, Reyes asserts that three of the discretionary conditions of supervised release in his written judgment are inconsistent with the district court's oral pronouncement of those conditions at sentencing. For the reasons that follow, we vacate Reyes' sentence and remand for resentencing.

A district court must announce all nonmandatory conditions of supervised release at the sentencing hearing. *United States v. Rogers*, 961 F.3d 291, 295-99 (4th Cir. 2020). "Discretionary conditions that appear for the first time in a subsequent written judgment . . . are nullities; the defendant has not been sentenced to those conditions, and a remand for resentencing is required." *United States v. Singletary*, 984 F.3d 341, 344 (4th Cir. 2021) (citing *Rogers*, 961 F.3d at 295, 300-01).

When, as here, "a defendant claims that a district court committed a *Rogers* error, we review the consistency of [the defendant's] oral sentence and the written judgment de novo." *United States v. Cisson*, 33 F.4th 185, 193 (4th Cir. 2022) (internal quotation marks omitted). That is, we "compare[] the sentencing transcript with the written judgment to determine whether an error occurred as a matter of law." *Rogers*, 961 F.3d at 296 (internal quotation marks omitted).

At the sentencing hearing, the district court announced a discretionary condition of supervised release concerning the probation office to which Reyes must report upon his

2

release from custody. We have reviewed the record and conclude that the court's oral pronouncement "did not match the description of that condition in the written judgment." *Cisson*, 33 F.4th at 191. Moreover, although the Government contends that the oral and written conditions are consistent despite their facial differences, Reyes strongly contests the Government's proffered explanation. Therefore, unlike in *Cisson*, where we upheld facially dissimilar supervised release conditions because the defendant did not contest the Government's proffered explanation for why the conditions were consistent, *id.* at 194, here, we may not disregard the differences between the oral and written descriptions of the probation district to which Reyes must report.

"[W]here the description of a condition in an oral sentence d[oes] not match the description of that condition in the written judgment, that error alone is reversible *Rogers* error." *Id.* at 191 (internal quotation marks omitted). We therefore vacate and remand for resentencing. *See United States v. Mathis*, 103 F.4th 193, 198-200 (4th Cir. 2024) (confirming that *Rogers* and *Singletary* provide a "clear rule" that *Rogers-Singletary* errors require vacatur of entire sentence and a remand for full resentencing). Furthermore, because the sentence must be vacated in its entirety, we decline to address Reyes' remaining challenges to the district court's oral announcement of his conditions of supervised release. *See Singletary*, 984 F.3d at 346-47 (declining to consider additional challenges to sentence where *Rogers* error necessitated vacatur and remand). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

3