**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4546

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSHUA ROBERT GEORGE GLARDON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Louise W. Flanagan, District Judge.  (7:22-cr-00098-FL-1)

Submitted:  February 27, 2025                        Decided:  April 15, 2025

Before HARRIS and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joshua Robert George Glardon pleaded guilty, pursuant to a written agreement, to three counts of knowingly distributing child pornography, in violation of 18 U.S.C. § 2252(a)(2), (b)(1), and one count of knowingly possessing child pornography that portrayed a minor or minors who had not attained 12 years of age, in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2). The district court sentenced Glardon to 912 months' imprisonment and a lifetime term of supervised release. On appeal, Glardon asserts that the district court reversibly erred when it imposed two special conditions of supervised release in the written judgment that differed from the conditions the court pronounced orally at the sentencing hearing. The Government moves to dismiss the appeal of the custodial portion of the sentence as barred by the appeal waiver in Glardon's plea agreement. For the reasons that follow, we deny the Government's motion to dismiss, vacate Glardon's sentence, and remand for resentencing.

In *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), we held that a district court must announce all nonmandatory conditions of supervised release at the sentencing hearing, *id.* at 296-99. We explained that this requirement "is a critical part of the defendant's right to be present at sentencing" and "gives defendants a chance to object to conditions that are not tailored to their individual circumstances and ensures that they will be imposed only after consideration of the factors set out in [18 U.S.C.] § 3583(d)." *Id.* at 300 (internal quotation marks omitted). "Discretionary conditions that appear for the first time in a subsequent written judgment . . . are nullities; the defendant has not been sentenced to those conditions, and a remand for resentencing is required." *United States*

2

*v. Singletary*, 984 F.3d 341, 344 (4th Cir. 2021); *see United States v. Mathis*, 103 F.4th 193, 198-200 (4th Cir. 2024) (confirming that *Rogers* and *Singletary* provide a "clear rule" that vacatur and remand for resentencing are the appropriate remedies when a district court fails to orally pronounce discretionary conditions of supervised release at sentencing (internal quotation marks omitted)).

"[A] district court may satisfy its obligation to orally pronounce discretionary conditions through incorporation—by incorporating, for instance, all Guidelines 'standard' conditions when it pronounces a supervised-release sentence, and then detailing those conditions in the written judgment." *Rogers*, 961 F.3d at 299. A court also "may comply with the pronouncement requirement by expressly incorporating a written list of proposed conditions," such as recommendations in a PSR or "a court-wide standing order that lists certain conditions of supervised release." *Id*. Failing to announce or incorporate discretionary conditions of supervised release, as well as an unexplained inconsistency between the orally pronounced and written versions of a discretionary supervised release condition, are both *Rogers* errors. *See United States v. Cisson*, 33 F.4th 185, 193-94 (4th Cir. 2022). We review de novo "the consistency of the defendant's oral sentence and the written judgment." *Id.* at 193 (cleaned up).

At the sentencing hearing, the district court announced a special condition of supervised release that informed Glardon he had to participate in sex offender treatment. We have reviewed the record and conclude that the court's oral pronouncement "did not match the description of that condition in the written judgment." *Id.* at 191. Moreover, the written condition was substantially broader than the district court's oral pronouncement

3

because the written judgment also required Glardon to comply with the treatment program's rules and to take medication as prescribed by the program's treatment provider. Therefore, the oral pronouncement and the written judgment materially differ, which constitutes reversible *Rogers* error. *See Cisson*, 33 F.4th at 191 ("[W]here the description of a condition in an oral sentence [does] not match the description of that condition in the written judgment, that error alone is reversible *Rogers* error." (internal quotation marks omitted)).

The district court also announced a special condition that prohibited Glardon from possessing children's clothing, toys, and games, without permission of the probation officer. We have reviewed the record and conclude that there is no material discrepancy between the oral pronouncement of this condition at sentencing and the written judgment. Here, the written judgment clarified the oral pronouncement, so there is no *Rogers* error. *See Mathis*, 103 F.4th at 197 (recognizing that "not all inconsistences between the written judgment and what was orally pronounced are reversible errors under *Rogers* and *Singletary*"); *Rogers*, 961 F.3d at 299 ("[W]here the precise contours of an oral sentence are ambiguous, we may look to the written judgment to clarify the district court's intent.").

Because there is reversible *Rogers* error regarding the special condition of supervised release requiring Glardon to participate in a sex offender treatment program, we vacate the sentence and remand for resentencing. *See Mathis*, 103 F.4th at 198-200 (4th Cir. 2024) (confirming that *Rogers* and *Singletary* provide a "clear rule" that *Rogers-Singletary* errors require vacatur of entire sentence and a remand for full resentencing). And because the *Rogers* error dictates we vacate the whole sentence, we also deny the

4

5

Government's motion to dismiss as to a portion of the sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*