**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 24-4065**

─────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JOSEPH GRIFFIN,

        Defendant - Appellant.

─────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:23-cr-00063-FL-1)

─────────

Submitted:  November 25, 2025           Decided:  December 1, 2025

─────────

Before WYNN and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

─────────

Affirmed by unpublished per curiam opinion.

─────────

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Andrew DeSimone, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER,  Raleigh, North Carolina, for Appellant.  W. Ellis Boyle, United States Attorney, David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Griffin pleaded guilty to possession of a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1). The district court sentenced Griffin to 212 months in prison and five years of supervised release. On appeal, Griffin argues that the district court's oral pronouncement of a discretionary condition of supervised release conflicts with the written judgment's description of that condition, in violation of *United States v. Rogers*, 961 F.3d 291, 297 (4th Cir. 2020). Griffin thus contends that he is entitled to a vacatur of his sentence and resentencing. For the reasons explained below, we reject Griffin's argument under *Rogers* and thus affirm.

In *Rogers*, we held that a district court is required to orally pronounce at sentencing all discretionary conditions of supervised release. 961 F.3d at 297. When a district court includes in the written judgment a supervised release condition that was not orally pronounced, we generally vacate the defendant's entire sentence and remand for resentencing. *See United States v. Lassiter*, 96 F.4th 629, 640 (4th Cir.), *cert. denied*, 145 S. Ct. 208 (2024).

Relevant here, a reversible *Rogers* error may also exist if there is "a material discrepancy between a discretionary condition as pronounced and as detailed in a written judgment." *United States v. Mathis*, 103 F.4th 193, 197 (4th Cir. 2024) (internal quotation marks omitted). But we have explained that "the written judgment does not have to match perfectly with the oral pronouncement," as "not all inconsistencies between the written judgment and what was orally pronounced are reversible error." *Id.*

2

For example, a discrepancy between a discretionary condition as pronounced at the sentencing hearing and as stated in the written judgment is not reversible error: (1) "when the oral pronouncement is ambiguous" and "the written judgment's different language . . . serve[s] to clarify the sentence"; or (2) "when the government has offered an explanation for the alleged inconsistency" between the oral pronouncement and the written judgment, "to which the defendant has not responded." *Id.* In contrast, a discrepancy is material when the written judgment "imposes a new condition by outlining an additional obligation" on the defendant that was not pronounced at the sentencing hearing. *Id.* at 198.

"We review the consistency of an oral sentence and the written judgment de novo, comparing the sentencing transcript with the written judgment to determine whether an error occurred as a matter of law." *United States v. Bullis*, 122 F.4th 107, 112 (4th Cir. 2024) (alteration and internal quotation marks omitted).

Here, the district court pronounced at the sentencing hearing that Griffin would be subject to the following discretionary supervised release condition related to warrantless searches:

> [Y]ou will submit to a search at any time with or without a warrant and by any law enforcement officer or probation officer of your person and any property, house, residence, vehicle, the effects thereof, upon a reasonable suspicion concerning a violation of the condition of supervised release or unlawful conduct or by any probation officer in the lawful discharge of the officer's duties.

3

J.A. 65.[1]  But in the written judgment, the district court added "papers" to the list of things that may be searched:

> The defendant shall submit to a search, at any time, with or without a warrant, and by any law enforcement or probation officer, of the defendant's person and any property, house, residence, vehicle, *papers*, and effects upon reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the defendant, or by any probation officer in the lawful discharge of the officer's supervision functions.

J.A. 74 (emphasis added).

Griffin maintains that the addition of "papers" to the written judgment contravenes *Rogers* and requires a vacatur of his sentence.  We disagree.  Despite the addition of "papers" to the written judgment, we conclude that there is no reversible *Rogers* error here. The addition of "papers" does not impose any new obligation on Griffin because the orally pronounced condition authorizes warrantless searches of "any property" belonging to Griffin, which includes Griffin's "papers."  To the extent that there was any ambiguity on whether Griffin's "papers" could be searched under the "any property" provision, the written judgment simply clarified that matter.  We thus conclude that Griffin is not entitled to relief under *Rogers*.[2]

---

[1] Citations to "J.A." refer to the Joint Appendix filed in this appeal.

[2] Griffin likens his case to *Bullis*, in which we held that the district court committed a *Rogers* error when it added "effects" to the written judgment's description of a similar warrantless search condition.  122 F.4th at 111-12.  But there, the district court's oral pronouncement did not authorize the search of "any property" belonging to the defendant. And the addition of "effects" to the written judgment broadened the scope of the warrantless search condition when compared to the list of searchable things that the district court orally pronounced. *Id.* at 118.  In contrast, the district court's addition of "papers" to
(Continued)

4

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

the written judgment's description of the warrantless search condition in this case does not expand the scope of the condition.

5