**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 24-4265**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JOHN JAMES TAYLOR,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City. Louise W. Flanagan, District Judge. (2:18-cr-00018-FL-1)

───────────────

Submitted: December 18, 2025                Decided: January 7, 2026

───────────────

Before WILKINSON and GREGORY, Circuit Judges, and KEENAN, Senior Circuit Judge.

───────────────

Vacated and remanded by unpublished per curiam opinion.

───────────────

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Andrew DeSimone, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John James Taylor pled guilty to possession with intent to distribute a quantity of cocaine and a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); and felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).[1] After this court vacated Taylor's original sentence and remanded for resentencing in light of *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), the district court sentenced him to 164 months' imprisonment and three years of supervised release. Taylor appealed, and this court again vacated his sentence and remanded for resentencing in light of *Rogers*. On remand, the district court reimposed the 164-month term of imprisonment and the three-year term of supervised release. Taylor appeals, arguing that the district court again violated *Rogers*. In response, the Government contends that Taylor waived any claim of *Rogers* error and, alternatively, that his claim is subject to, and does not survive, plain error review. We vacate Taylor's sentence and remand for resentencing.

Pursuant to *Rogers*, "all non-mandatory conditions of supervised release must be announced at a defendant's sentencing hearing." *United States v. Bullis*, 122 F.4th 107, 117 (4th Cir. 2024) (citation modified). Thus, "a material discrepancy between a discretionary condition as pronounced and as detailed in a written judgment may constitute *Rogers* error." *United States v. Mathis*, 103 F.4th 193, 197 (4th Cir. 2024) (citation modified). Taylor argues that certain special conditions of supervised release in the written

---

[1] Section 924(a)(2) was amended following Taylor's conviction and no longer provides the penalty for § 922(g) convictions. *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022).

2

judgment, including one that requires him to engage in mental health treatment, materially differ from the district court's oral pronouncement of those conditions at sentencing.

We first address the Government's contention that Taylor waived his claim of *Rogers* error. "A waiver is the intentional relinquishment or abandonment of a known right." *United States v. Robinson*, 744 F.3d 293, 298 (4th Cir. 2014) (citation modified). For example, "a party who identifies an issue, and then explicitly withdraws it, has waived the issue." *Id.* (citation modified). "When a claim is waived, it is not reviewable on appeal, even for plain error." *Id.* (citation modified).

After the sentencing hearing, but before the district court entered the written judgment, the courtroom deputy emailed the parties a draft list of the special conditions of supervision for review. Taylor's counsel did not object to this list, and—the Government contends—thereby waived any claim of *Rogers* error. However, at the time counsel reviewed the courtroom deputy's draft of the special conditions, there was no transcript of the sentencing hearing. Thus, counsel could not review whether the drafted conditions matched the conditions that the court announced at the hearing. In turn, counsel did not intentionally relinquish "a known right" by not objecting to the draft conditions—counsel did not know, without the transcript, whether there was any *Rogers* error. *Id.* (citation modified). Nor did counsel identify a *Rogers* issue and "then explicitly withdraw[] it." *Id.* (citation modified). Counsel simply declined to raise a *Rogers* objection. Therefore, counsel did not waive the issue.

The Government alternatively argues that Taylor forfeited his *Rogers* claim by not objecting to the courtroom deputy's draft list and, therefore, that this claim is subject to

3

plain error review. *See id.* (distinguishing waiver from forfeiture and noting that courts "may review a forfeited claim for plain error"). However, we need not decide whether Taylor forfeited his claim because, even assuming plain error review applies, he satisfies that standard. To succeed on plain error review, a defendant "must establish that (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights." *United States v. Combs*, 36 F.4th 502, 505 (4th Cir. 2022) (citation modified). "Even if all three factors are satisfied, we exercise our discretion to correct the error only if it seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (citation modified).

At the sentencing hearing, the district court ordered Taylor to participate in mental health treatment if he thought it "would be helpful." (J.A. 58).[2] In contrast, the written judgment requires Taylor to participate in mental health treatment at the direction of the probation office. We conclude that this material discrepancy between the oral and written sentences amounts to plain error under *Rogers* and its progeny.

Furthermore, absent this error, the written judgment would have matched the district court's oral pronouncement. Thus, Taylor would have been subject to the more permissive, less onerous mental health treatment condition announced at sentencing. Accordingly, we conclude that the district court's plain error affected Taylor's substantial rights. *See Combs*, 36 F.4th at 507 ("To establish the third prong of plain error, [a defendant] must

---

[2] Our citations herein to "J.A. __" refer to the Joint Appendix filed by the parties in this appeal.

4

show a reasonable probability that, but for the error, the outcome of the proceeding would have been different." (citation modified)).  We further conclude that this error seriously affected the fairness of the judicial proceedings and, thus, we exercise our discretion to correct the error.  *See United States v. Maxwell*, 285 F.3d 336, 342 (4th Cir. 2002) (noting that "conditions of supervised release are a substantial imposition on a person's liberty").

The remedy for a *Rogers* error is to vacate the defendant's sentence in its entirety and remand for resentencing.  *United States v. Lassiter*, 96 F.4th 629, 640 (4th Cir.) ("Our precedents are clear:  When a *Rogers* error occurs, we must vacate the entire sentence and remand for full resentencing."), *cert. denied*, 145 S. Ct. 208 (2024).  Accordingly, we vacate Taylor's sentence and remand for resentencing.  In light of this holding, we do not address Taylor's arguments challenging the imposition of a special supervised release condition requiring warrantless searches.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*