**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4327

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM WATERS, a/k/a Brew,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:13-cr-00047-GMG-RWT-2)

Submitted:  February 19, 2026                    Decided:  March 18, 2026

Before KING, QUATTLEBAUM, and RUSHING, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.  Judge Quattlebaum wrote a concurring opinion, in which Judge Rushing joined.

**ON BRIEF:**  Aaron D. Moss, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellant.  Eleanor F. Hurney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Waters appeals the district court's judgment revoking supervised release and imposing an 11-month term of imprisonment to be followed by 48 months of supervised release. Waters's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the reasonableness of Waters's sentence. Although notified of his right to do so, Waters has not filed a pro se supplemental brief. We affirm in part, vacate in part, and remand for resentencing.

*Anders* counsel questions the adequacy of the district court's explanation for its rejection of the parties' recommendation for a 90-day continuance so Waters could participate in an inpatient substance abuse treatment program. We need not address this issue because our *Anders* review disclosed errors under *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020). "[I]n order to sentence a defendant to a non-mandatory condition of supervised release, the sentencing court must include that condition in its oral pronouncement of a defendant's sentence in open court." *United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021). *Rogers* errors typically "involve[] a discretionary condition in the written judgment that was not mentioned at all during sentencing." *United States v. Mathis*, 103 F.4th 193, 197 (4th Cir. 2024). *Rogers* also reaffirmed "the requirement that discretionary conditions be adequately explained." 961 F.3d at 298.

Here, the district court stated during the revocation hearing that "the terms of . . . supervised release [were] going to be the same as [Waters's] prior supervised release."

2

(J.A. 203).[*] But the court did not explain why it imposed those discretionary conditions. And, although "a district court may satisfy its obligation to orally pronounce discretionary conditions through incorporation," *Rogers*, 961 F.3d at 299, the revocation judgment did not include the purportedly incorporated prior supervised release conditions. At the hearing, the district court referenced the standard conditions imposed at Waters's 2014 sentencing for his conviction for transportation of minors, in violation of 18 U.S.C. § 2423(a), which tracked the discretionary conditions set forth in U.S. Sentencing Guidelines Manual § 5G1.3, p.s. (2013). But the standard conditions appearing in the 2024 written revocation judgment reflected those adopted by the Northern District of West Virginia in November 2016, which included conditions not appearing in the 2014 judgment. And some of the standard conditions imposed in 2014 did not appear in the 2024 judgment. In addition, although many of the special conditions of supervision in the 2024 revocation judgment appeared in the 2014 judgment, the language of several provisions in the 2024 judgment materially differed from the prior judgment.

In accordance with *Anders*, we have reviewed the record in its entirety and have identified no other potentially meritorious grounds for appeal. We therefore affirm the district court's revocation decision, vacate the sentence, and remand for further proceedings. *See United States v. Lassiter*, 96 F.4th 629, 640 (4th Cir.) ("Our precedents are clear: When a *Rogers* error occurs, we must vacate the entire sentence and remand for full resentencing."), *cert. denied*, 145 S. Ct. 208 (2024); *Singletary*, 984 F.3d at 346 & n.4

---

[*] J.A. refers to the joint appendix filed in this appeal.

3

("*Rogers* drew no distinction between the defendant's supervised release sentence and his custodial sentence; instead, it simply vacated his entire sentence and remanded for resentencing."). This court requires that counsel inform Waters, in writing, of the right to petition the Supreme Court of the United States for further review. If Waters requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Waters.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*

4

QUATTLEBAUM, Circuit Judge, concurring, in which Judge Rushing joined:

I concur in the decision to vacate Waters's sentence and remand for plenary resentencing, but I write to reiterate my concerns about our circuit's jurisprudence in this area. *See United States v. Kemp*, 88 F. 4th 539, 547–53 (4th Cir. 2023) (Quattlebaum, J., concurring). Requiring a full resentencing for the discrepancies in this case illustrates the problems with our approach. Despite those problems, I must go along with the remand here but only because our circuit's precedent compels it.

5