**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4562

UNITED STATES OF AMERICA

Plaintiff - Appellee,

v.

MALIK ELI DAVIS, a/k/a Charles Prince Davis, a/k/a Black,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:19-cr-00410-MOC-DSC-1)

Submitted:  February 20, 2026                          Decided:  March 26, 2026

Before GREGORY, HARRIS, and RICHARDSON, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

**ON BRIEF:**   Joshua B. Carpenter, Appellate Chief, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Asheville, North Carolina, for Appellant.  Russ Ferguson, United States Attorney, Julia K. Wood, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Malik Eli Davis appeals the discretionary conditions of supervised release imposed following his guilty plea to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Davis to 180 months' imprisonment, three years of supervised release, and several mandatory and discretionary conditions of supervised release. On appeal, Davis argues that there is a material discrepancy between the district court's oral pronouncement of the discretionary supervised release conditions and its written judgment, and that the district court failed to sufficiently incorporate by reference the standard conditions adopted by the Western District of North Carolina in effect at the time of his sentencing. For the reasons that follow, we vacate Davis's sentence and remand for resentencing.

A challenge to the sentence based on *United States v. Rogers*, like the one here, falls outside the scope of a valid appeal waiver. *United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021). Under *Rogers*, a district court is required to orally pronounce at sentencing all discretionary conditions of supervised release. *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020). This requirement "is a critical part of the defendant's right to be present at sentencing," *id.* at 300 (citation modified), and ensures that the defendant has an opportunity "to avoid the imposition of unwarranted conditions," *id.* at 298. In addition to a district court's failure to pronounce discretionary conditions of supervised release at sentencing, a reversible *Rogers* error may occur if there is "a material discrepancy between a discretionary condition as pronounced and as detailed in a written judgment." *United*

*States v. Mathis*, 103 F.4th 193, 197 (4th Cir. 2024) (citation modified).  We review "the consistency of an oral sentence and the written judgment *de novo*, comparing the sentencing transcript with the written judgment to determine whether a *Rogers* error occurred as a matter of law." *United States v. Bullis*, 122 F.4th 107, 112 (4th Cir. 2024) (citation modified).

A sentencing court may satisfy its pronouncement obligation by expressly incorporating a written list of conditions, "such as the recommendations of conditions of release that have been spelled out in the defendant's PSR, or those established by a court-wide standing order." *United States v. Smith*, 117 F.4th 584, 604 (4th Cir. 2024), *cert. denied*, 146 S. Ct. 92 (2025).  Additionally, "the written judgment does not have to match perfectly with the oral pronouncement," as "not all inconsistencies between the written judgment and what was orally pronounced are reversible error." *Mathis*, 103 F.4th at 197.  For example, a discrepancy is not reversible: (1) "when the oral pronouncement is ambiguous" and "the written judgment's different language . . . serve[s] to clarify the sentence"; or (2) "when the government has offered an explanation for the alleged inconsistency" between the oral pronouncement and the written judgment, "to which the defendant has not responded." *Id.*  In contrast, a discrepancy in the written judgment is material—and does not simply clarify the oral pronouncement—when the judgment "imposes a new condition by outlining an additional obligation" on the defendant. *Id.* at 198.  The remedy for a *Rogers* error is to vacate the defendant's sentence in its entirety and remand for resentencing. *United States v. Lassiter*, 96 F.4th 629, 640 (4th Cir.) ("Our

3

precedents are clear: When a *Rogers* error occurs, we must vacate the entire sentence and remand for full resentencing."), *cert. denied*, 145 S. Ct. 208 (2024).

On September 29, 2021, the same day Davis was sentenced, the judges of the Western District of North Carolina signed a Revised Standing Order that set out the conditions of supervised release in the district. The Revised Standing Order superseded the district's Original Standing Order, which was adopted in January 2021 and applied to all terms of supervised release imposed on or after January 1, 2021, "unless affirmatively omitted or altered by the presiding judge." The Revised Standing Order contained less onerous supervised release conditions than the Original Standing Order, and the Revised Standing Order applied to terms of supervised release imposed on or after October 1, 2021—after Davis's sentencing hearing.

At the sentencing hearing on September 29, the district court announced that Davis would be subject to "the standard conditions of supervised release that have been adopted by . . . the Western District of North Carolina." The court immediately followed its oral pronouncement with a series of statements regarding those standard conditions, stating that the conditions "may change to [Davis's] favor along the way, those are always an evolving thing, but I think we have one more that we may amend, but I'm going to order that all of those will apply in this . . . particular case," and the reason the conditions are "standard is because they do apply in most cases and . . . they do apply in this case, each and every one of them." (J.A. 80).[*]

---

[*] "J.A." refers to the joint appendix filed in this appeal.

4

We agree with Davis that the district judge's statements alluding to the more favorable conditions contained in the Revised Standing Order, which was signed on the day of Davis's sentencing but had not yet gone into effect, created ambiguity as to which standing order the district court was referencing and which set of conditions it intended to impose. In light of this ambiguity in the oral pronouncement, the district court did not make sufficiently clear whether it intended to incorporate the conditions in the Original Standing Order or those in the Revised Standing Order. We therefore conclude that the district court failed to sufficiently incorporate by reference either standing order, constituting reversible error under *Rogers*. *See Bullis*, 122 F.4th at 119.

Accordingly, we vacate Davis's sentence and remand for resentencing. *See Lassiter*, 96 F.4th at 640; *Mathis*, 103 F.4th at 198-200. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*