**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4651

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GUSTAVO GUZMAN,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:17-cr-00186-RJC-SCR-1)

Submitted:  April 1, 2026                                    Decided:  May 21, 2026

Before HARRIS, QUATTLEBAUM, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  J. Edward Yeager, Jr., Cornelius, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gustavo Guzman appeals his sentence after pleading guilty to securities fraud, in violation of 15 U.S.C. §§ 78j(b), 78ff; 18 U.S.C. § 2; 17 C.F.R. § 240.10b-5.  On appeal, Guzman's attorney has filed a brief under *Anders v. California*, 386 U.S. 738, 744 (1967), concluding there are no meritorious grounds for appeal but questioning whether the district court erred in denying Guzman a variance from the Guidelines range.  Guzman was notified of his right to file a pro se supplemental brief but has not done so.  We affirm.

"We 'review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard.'"  *United States v. Smith*, 134 F.4th 248, 256 (4th Cir. 2025) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)).  "In reviewing whether a sentence is reasonable, we ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence."  *Id*. (citation modified).

"The [sentencing] court's explanation must satisfy us that it 'has considered the parties' arguments and has a reasoned basis for exercising its own legal decision-making authority in light of § 3553(a).'"  *Id*. at 264.  "A sentence is substantively unreasonable only where under the totality of the circumstances, the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)."  *United States v. Devine*, 40 F.4th 139, 153 (4th Cir. 2022) (citation modified).  "'[A]ny sentence that is within or below a properly calculated Guidelines range is

2

presumptively reasonable.'"  *Id*.  "'[A] defendant can only rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors.'"  *United States v. Everett*, 91 F.4th 698, 714 (4th Cir. 2024).

We have reviewed the record and conclude that Guzman's sentence is procedurally and substantively reasonable.  The district court properly calculated his Guidelines range; considered the § 3553(a) factors, Guzman's allocution, and his arguments for a variance sentence below the Guidelines range; and adequately explained its decision to impose a sentence within the Guidelines range.  Moreover, Guzman has not rebutted the presumption that his sentence within the Guidelines range is substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal.[*]  We therefore affirm the district court's judgment.  This court requires that counsel inform Guzman, in writing, of the right to petition the Supreme Court of the United States for further review.  If Guzman requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Guzman.  We dispense with oral

---

[*] We note that we considered whether there was any error by the district court in violation of our *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), jurisprudence; and we concluded that there was no *Rogers* error in this case.  In particular, although there was additional language in the written judgment for supervised release condition 24 that was not stated in the oral sentence, we concluded there was no material discrepancy between the written judgment and the oral pronouncement.  The additional language did not impose any additional obligation on Guzman but rather clarified details that could reasonably be expected to flow from the oral pronouncement.  *See United States v. Aborisade*, 163 F.4th 856, 866 (4th Cir. 2026); *United States v. Mathis*, 103 F.4th 193, 198 (4th Cir. 2024).

3

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*