**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4725**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

RYAN ROBERT AUGHENBAUGH,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:22-cr-00371-TDS-1)

_____

Submitted:  March 20, 2025                                  Decided:  May 7, 2025

_____

Before WYNN and THACKER, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Randall S. Galyon, Acting United States Attorney, Julie C. Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ryan Robert Aughenbaugh appeals his conviction and 115-month sentence imposed following his guilty plea to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1).  On appeal, Aughenbaugh's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court erred in imposing a sentencing enhancement under U.S. Sentencing Guidelines Manual § 3A1.2(c)(1) (2021).  Aughenbaugh was notified of his right to file a pro se supplemental brief but has not done so.

Following a review of the record pursuant to *Anders*, we directed the parties to submit merits briefs addressing a single issue: whether the district court complied with *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), with respect to a special condition of supervised release addressing Aughenbaugh's obligation to disclose his substance abuse history to treating medical professionals (the "disclosure condition").  In his supplemental brief, Aughenbaugh argues that the district court committed obvious *Rogers* error related to the disclosure condition. The Government contends that no material inconsistency exists between the disclosure condition as orally pronounced and as included in the written judgment.  Finding no reversible error, we affirm.

In reviewing Aughenbaugh's Guidelines challenge, "we review questions of law de novo and findings of fact for clear error."  *United States v. Allen*, 909 F.3d 671, 677 (4th Cir. 2018).  We will find clear error only if, "on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." *United States v. Shivers*, 56 F.4th 320, 324 (4th Cir. 2022) (internal quotation marks omitted).  "In other words, if

2

the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it." *United States v. Barnett*, 48 F.4th 216, 220 (4th Cir. 2022) (alteration and internal quotation marks omitted).

Before a sentencing court can impose a Guidelines enhancement, the Government "must prove by a preponderance of the evidence that the enhancement applies." *United States v. Kobito*, 994 F.3d 696, 701 (4th Cir. 2021). "This burden simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." *United States v. Patterson*, 957 F.3d 426, 435 (4th Cir. 2020) (internal quotation marks omitted).

Section 3A1.2(c)(1) provides for a six-level enhancement where the defendant, "in a manner creating a substantial risk of serious bodily injury," assaulted a law enforcement officer during the offense or immediate flight from the offense, "knowing or having reasonable cause to believe that [the] person was a law enforcement officer." Here, the district court found that Aughenbaugh physically resisted two police officers and, while the officers restrained him, repeatedly attempted to retrieve a loaded firearm from his waistband, ignoring the officers' commands to stop. The district court found that, from the outset of the physical altercation, Aughenbaugh could see well enough to identify that he was struggling with a police officer and, in fact, knew that he was interacting with a police officer before they began to struggle. Although Aughenbaugh specifically questions this finding, our review of the record, including video footage of the incident, supports the district court's determination that Aughenbaugh must have known that he was interacting with a police officer before the struggle began. Because the district court's findings are

3

plausible on the record before us, we find no clear error in the district court's factual findings underlying the enhancement.

Turning to supervised release, "we review the consistency of the oral sentence and the written judgment de novo." *United States v. Cisson*, 33 F.4th 185, 192 (4th Cir. 2022) (alteration and internal quotation marks omitted). A sentencing court is required to orally pronounce all discretionary conditions of supervised release it imposes. *Rogers*, 961 F.3d at 296. "[T]he heart of a *Rogers* claim is that discretionary conditions appearing for the first time in a written judgment in fact have not been imposed on the defendant." *United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021) (internal quotation marks omitted).

"[T]he written judgment does not have to match perfectly with the oral pronouncement," as "not all inconsistencies between the written judgment and what was orally pronounced are reversible error under *Rogers*." *United States v. Mathis*, 103 F.4th 193, 197 (4th Cir. 2024). *Rogers* error may occur if there is "a material discrepancy between a discretionary condition as pronounced and as detailed in a written judgment." *Id.* (internal quotation marks omitted). But a discrepancy is not reversible error where: (1) the written judgment clarifies the district court's ambiguous oral pronouncement; or (2) "the [G]overnment has offered an explanation for the alleged inconsistency" between the oral pronouncement and the written judgment, "to which the defendant has not responded." *Id.* In contrast, reversible error occurs when the judgment "imposes a new condition by outlining an additional obligation" on the defendant. *Id.* at 198.

Aughenbaugh argues that the district court committed *Rogers* error by failing to orally pronounce a special condition requiring his compliance with substance abuse testing

4

and treatment. That argument is flatly belied by the record, which reveals that the district court announced, verbatim, the substance abuse testing and treatment condition later included in the written judgment. As the Government candidly acknowledges, however, the district court's oral pronouncement of the disclosure condition differed from the written judgment: the condition as written included language specifying that Aughenbaugh's compliance with its requirements was to be verified by a probation officer. The Government asserts that, despite this discrepancy, the written and orally pronounced conditions are not inconsistent. Specifically, the Government argues that the additional written language merely clarified the disclosure condition's enforceability, flowed naturally from the nature of the disclosure condition and of supervised release generally, and imposed no additional obligation on Aughenbaugh.

As noted above, "some difference between the oral pronouncement and the written judgment is permitted when the government has offered an explanation for the alleged inconsistency to which the defendant has not responded." *Mathis*, 103 F.4th at 197; *see Cisson*, 33 F.4th at 193-94 & n.6. Aughenbaugh neither identifies the discrepancy between the written and oral versions of the disclosure condition nor responds to the Government's argument that those two versions are not materially inconsistent. Because Aughenbaugh makes no attempt to dispute the Government's plausible interpretation of the condition, we conclude that no *Rogers* error exists on the record before us.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Aughenbaugh, in writing, of the right to petition

5

the Supreme Court of the United States for further review.  If Aughenbaugh requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Aughenbaugh.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*