**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

------

**No. 24-4241**

------

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

RYAN JONES,

        Defendant - Appellant.

------

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, Senior District Judge.  (3:11-cr-00231-HEH-RCY-1)

------

Submitted:  June 30, 2025                        Decided:  August 20, 2025

------

Before WYNN and BERNER, Circuit Judges, and FLOYD, Senior Circuit Judge.

------

Affirmed in part and remanded in part with instructions by unpublished per curiam opinion.

------

**ON BRIEF:**  Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, Laura J. Koenig, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Angela Mastandrea, Assistant United States Attorney, Richmond, Virginia, Daniel J. Honold, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

------

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ryan Jones appeals the 235-month sentence imposed on resentencing following his guilty plea to attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a). On appeal, Jones asks us to vacate his sentence and remand for another resentencing hearing due to inconsistencies between certain conditions of supervised release that the district court pronounced at resentencing and those contained in the written judgment.

"We review the consistency of the oral sentence and the written judgment de novo." *United States v. Mathis*, 103 F.4th 193, 196 n.5 (4th Cir. 2024) (citation modified). A district court is required to orally pronounce at sentencing all discretionary conditions of supervised release. *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020); *see also United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021). This requirement "is a critical part of the defendant's right to be present at sentencing," *Rogers*, 961 F.3d at 300 (citation modified), and ensures the defendant has an opportunity to challenge unwarranted conditions before they are imposed, *id.* at 298. "A material discrepancy between a discretionary condition as pronounced and as detailed in a written judgment may constitute *Rogers* error." *Mathis*, 103 F.4th at 197 (citation modified).

Jones argues that there is a material discrepancy in this case. Specifically, during the most recent resentencing hearing, the district court said Jones "will be required to apply [a portion of] monies received from income tax refunds, lottery winnings, inheritances, judgments, settlements, or *any other anticipated sources* to [his] outstanding court-ordered

2

obligations," as directed by the probation officer or the court. (J.A. 152 (emphasis added)).[1] The written judgment, however, directs that Jones "shall apply any monies received from income tax refunds, lottery winnings, inheritances, judgments, settlements, and *any anticipated or unexpected* financial gains to the outstanding court-ordered financial obligation, or in a lesser amount to be determined by the probation officer, or by the court upon the recommendation of the probation officer." (J.A. 162 (citation modified) (emphasis added)).

*Rogers* requires that we remand for a full resentencing where the district court fails to announce discretionary conditions of supervised release that are later included in the written judgment. *See Rogers*, 961 F.3d at 300–01. Here, the relevant condition of supervised release was announced at sentencing, but there was an incongruence between the condition as announced and as included in the written judgment. That difference can be resolved without a full resentencing. The remedy for a conflict of this nature is to remand to the district court "to correct the written judgment so that it conforms with the sentencing court's oral pronouncements." *United States v. Morse*, 344 F.2d 27, 31 n.1 (4th Cir. 1965). "To the extent of any conflict between [the] written order and the oral sentence, the latter is controlling." *Id.* We will therefore remand with instructions to conform the written judgment with the oral pronouncement.[2]

---

[1] Citations to "J.A." refer to the joint appendix filed by the parties in this appeal.

[2] We reject the Government's contention that Jones waived his *Rogers* argument by failing to raise it in his appeal of his previously imposed sentence, as we vacated that

3

We therefore affirm Jones's sentence and remand to the district court with instructions to conform the written judgment to the district court's oral pronouncement that Jones must apply a portion of "monies received from income tax refunds, lottery winnings, inheritances, judgments, settlements, or any other anticipated sources to [his] outstanding court-ordered obligations." J.A. 152. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART AND REMANDED IN PART WITH INSTRUCTIONS*

---

sentence in its entirety and remanded the case to the district court for a full resentencing. *See United States v. Jones*, No. 23-4217, 2023 WL 8946799, at *1 (4th Cir. Dec. 28, 2023).