**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 25-4215**

—————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRYMAN LLOYD GOMEZ,

Defendant - Appellant.

—————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, Senior District Judge.  (1:24-cr-00160-LCB-1)

—————————

Submitted:  October 16, 2025                     Decided:  October 21, 2025

—————————

Before KING, AGEE, and RICHARDSON, Circuit Judges.

—————————

Affirmed in part, dismissed in part, vacated in part, and remanded by unpublished per curiam opinion.

—————————

**ON BRIEF:**  Louis C. Allen, III, Federal Public Defender, Stacey D. Rubain, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Julie Carol Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bryman Lloyd Gomez appeals his conviction and the 130-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8).  On appeal, Gomez's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning the validity of Gomez's guilty plea, the validity of his appeal waiver, and the reasonableness of his sentence.  Although notified of his right to file a supplemental pro se brief, Gomez has not done so.  The Government moves to dismiss the appeal as barred by the appeal waiver included in Gomez's plea agreement, pursuant to which Gomez waived the right to appeal his conviction and sentence on any ground, save for exceptions not relevant here.  For the reasons that follow, we affirm Gomez's conviction, vacate his sentence, and remand for resentencing.

We review the validity of Gomez's appeal waiver de novo.  *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012).  An appeal waiver "preclude[s] a defendant from appealing a specific issue if the record establishes that the waiver is valid and the issue being appealed is within the scope of the waiver."  *United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014).  A defendant validly waives his appeal rights if he agrees to the waiver "knowingly and intelligently."  *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010).  "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the [Federal Rule of Criminal Procedure] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid."  *Thornsbury*, 670 F.3d at 537.

2

Our review of the record confirms that Gomez knowingly and intelligently executed the appeal waiver. We therefore conclude that the waiver is valid and covers all waivable challenges to Gomez's conviction.

However, Gomez's appeal waiver does not prevent him from raising a colorable challenge to the validity of his guilty plea. *See United States v. Attar*, 38 F.3d 727, 732-33 & n.2 (4th Cir. 1994); *see also United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018) (holding that defendant's valid appeal waiver did not preclude claim that plea lacked sufficient factual basis). Before accepting a guilty plea, the district court must conduct a colloquy in which it informs the defendant of, and determines that he understands, the nature of the charges to which he is pleading guilty, any mandatory minimum penalty, the maximum penalty he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the defendant's plea is voluntary and supported by an independent factual basis. Fed. R. Crim. P. 11(b)(2), (3). Because Gomez did not preserve any claim of error in the plea proceedings, we review the adequacy of the plea colloquy for plain error. *United States v. Vonn*, 535 U.S. 55, 58-59 (2002); *see Henderson v. United States*, 568 U.S. 266, 272 (2013) (describing standard).

Based on our review of the record, we conclude that Gomez's guilty plea was knowing, voluntary, and supported by an independent basis in fact. Accordingly, we affirm Gomez's conviction.

Turning to Gomez's sentence, "in order to sentence a defendant to a non-mandatory condition of supervised release, the sentencing court must include that condition in its oral

3

pronouncement of a defendant's sentence in open court." *United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021) (citing *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020)).  The failure to do so requires vacatur of the entire sentence.  *Id.* at 346.  A valid appeal waiver does not preclude a defendant from bringing such a claim.  *Id.* at 345.

At sentencing, the district court imposed a discretionary condition of supervised release subjecting Gomez's residence to warrantless searches.  The written judgment included the same condition, then added: "the defendant shall warn any residents that the premises may be subject to searches."  This additional clause creates an inconsistency between the oral pronouncement and the written judgment, and it requires us to vacate Gomez's sentence.  *United States v. Mathis*, 103 F.4th 193, 197-200 (4th Cir. 2024).

In accordance with *Anders*, we have reviewed the record as it pertains to Gomez's conviction and have found no meritorious grounds for appeal.  Accordingly, we grant the Government's motion in part, dismiss as to all waivable challenges to Gomez's conviction, and affirm the conviction.  We vacate Gomez's sentence and remand for resentencing.

This court requires that counsel inform Gomez, in writing, of the right to petition the Supreme Court of the United States for further review.  If Gomez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Gomez.

5

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART,*
*VACATED IN PART,*
*AND REMANDED*