**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 24-4320**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

JOSEPH DAVID SIRAK,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of North Carolina at Raleigh. Louise W. Flanagan, District Judge. (5:23-cr-00266-FL-1)

———————————

Submitted: April 28, 2026                           Decided: April 30, 2026

———————————

Before WILKINSON and GREGORY, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————————

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

———————————

**ON BRIEF:** G. Alan Dubois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. W. Ellis Boyle, United States Attorney, Lucy Partain Brown, Assistant United States Attorney, Katherine S. Englander, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, RALEIGH, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph David Sirak appeals the sentence imposed following his guilty plea to conspiracy to distribute and to possess with the intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846.  The district court sentenced Sirak to 198 months' imprisonment, followed by five years of supervised release.  On appeal, Sirak asserts that one discretionary special condition of supervised release in his written judgment, the warrantless search condition, is inconsistent with the district court's oral pronouncement of that condition at sentencing.  We agree and, for the following reasons, we vacate Sirak's sentence and remand this matter for resentencing.

A district court must announce all nonmandatory conditions of supervised release at the sentencing hearing.  *United States v. Rogers*, 961 F.3d 291, 295-99 (4th Cir. 2020).  "Discretionary conditions that appear for the first time in a subsequent written judgment[] . . . are nullities; the defendant has not been sentenced to those conditions, and a remand for resentencing is required."  *United States v. Singletary*, 984 F.3d 341, 344 (4th Cir. 2021).

In addition to failing to announce or incorporate discretionary conditions of supervised release, the district court also commits error under *Rogers* when it "pronounces a condition at sentencing but describes it differently in the written judgment," thereby creating a "material discrepancy between [the] discretionary condition as pronounced and as detailed in [the] written judgment."  *United States v. Mathis*, 103 F.4th 193, 197 (4th Cir. 2024) (internal quotation marks omitted).  However, the written judgment need not "match perfectly with the oral pronouncement," and, thus, not all inconsistencies between the judgment and the oral pronouncement constitute reversible *Rogers* errors.  *Id*. at 197.  For

3

example, a *Rogers* error is not reversible if (1) "the government has offered an explanation for the alleged inconsistency to which the defendant has not responded," or (2) the district court's oral pronouncement is ambiguous, and the written judgment clarifies its meaning. *Id.*

When, as here, "a defendant claims that a district court committed a *Rogers* error, we review the consistency of the defendant's oral sentence and the written judgment de novo." *United States v. Cisson*, 33 F.4th 185, 193 (4th Cir. 2022) (citation modified). That is, we "compar[e] the sentencing transcript with the written judgment to determine whether an error occurred as a matter of law." *Rogers*, 961 F.3d at 296 (internal quotation marks omitted).

At the sentencing hearing, the district court announced a special condition of supervised release concerning the warrantless searches to which Sirak must submit while under supervision. Specifically, the court's oral pronouncement required Sirak to "submit to a search at any time, with or without a warrant, by any law enforcement or probation officer, of your person, your property, your house, your residence, your vehicle, and the effects thereof, if there's a reasonable suspicion to think you're violating supervised release or engaging in unlawful conduct." (J.A. 90). However, the written judgment replaced the word "your" with "any," changing the warrantless search condition to include searches of "defendant's person and any property, house, residence, vehicle, and effects." (J.A. 97).

Upon review, we conclude that the court's oral pronouncement at sentencing "did not match the description of that condition in the written judgment." *Cisson*, 33 F.4th at 191. This difference is material, as it permits the warrantless search of any property, not

4

just property belonging to Sirak.  *See United States v. Bullis*, 122 F.4th 107, 118 (4th Cir. 2024) (vacating and remanding for resentencing based on *Rogers* because warrantless search condition in written judgment "contain[ed] a search category that [was] substantially broader than its oral pronouncement, [and therefore] the two materially differ[ed]").  Moreover, the written judgment does not clarify the details of the warrantless search requirement announced at sentencing.  Instead, it effectively mandates Sirak's compliance with searches under a broader set of circumstances, therefore it "outlin[es] an additional obligation" that was not announced at sentencing.  *Mathis*, 103 F.4th at 198.

We therefore affirm the conviction, vacate the sentence, and remand for resentencing.  *See id.* 198 (confirming that *Rogers* and *Singletary* provide a "clear rule" that vacatur and remand for a full resentencing is the only remedy available for *Rogers* errors (internal quotation marks omitted)).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED*
*IN PART, AND REMANDED*

5