**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-4610**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DUANE CURTIS JACKSON, a/k/a Duke,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:20-cr-00024-GMG-RWT-5)

Submitted:  March 26, 2026                                    Decided:  June 5, 2026

Before RICHARDSON and BERNER, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

**ON BRIEF:**  Kristen M. Leddy, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellant.  Lara Kay Omps-Botteicher, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Duane Curtis Jackson appeals his 13-month revocation sentence followed by an additional 12-month term of supervised release. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the reasonableness of Jackson's revocation sentence. Jackson was advised of his right to file a pro se supplemental brief, but he has not done so. We affirm in part, vacate in part, and remand for resentencing.

Although counsel questions the reasonableness of Jackson's revocation sentence, we need not address this issue because our *Anders* review disclosed an error under *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020). "Under *Rogers*, in order to sentence a defendant to a non-mandatory condition of supervised release, the sentencing court must include that condition in its oral pronouncement of a defendant's sentence in open court." *United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021). *Rogers* errors typically "involve[] a discretionary condition in the written judgment that was not mentioned at all during sentencing." *United States v. Mathis*, 103 F.4th 193, 197 (4th Cir. 2024).

And that is what happened here. Jackson's written judgment included 19 standard conditions and four special conditions of supervised release, but the district court did not impose any of these discretionary conditions at the revocation hearing.

In accordance with *Anders*, we have reviewed the entire record in this case and have identified no other potentially meritorious grounds for appeal. We therefore affirm the district court's revocation decision, vacate the sentence, and remand for resentencing. *See United States v. Lassiter*, 96 F.4th 629, 640 (4th Cir. 2024) ("Our precedents are clear:

2

When a *Rogers* error occurs, we must vacate the entire sentence and remand for full resentencing.").[*] This court requires that counsel inform Jackson, in writing, of the right to petition the Supreme Court of the United States for further review. If Jackson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jackson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*

---

[*] We have "suggested that a more limited remedy may be appropriate when the *defendant* requests it." *Lassiter*, 96 F.4th at 640 n.5. After noting the *Rogers* error, we requested a response from counsel as to whether Jackson seeks resentencing based on the error. Counsel was unable to reach Jackson. Accordingly, because Jackson has not requested a more limited remedy, we vacate the entire sentence and remand for resentencing.